Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOSEPH CLEMENS, Respondent, for Compensation to Himself under the Workmen's Compensation Law, *v.* CLEMENS & GRELL, Employer, and THE COMMERCIAL CASUALTY INSURANCE COMPANY, Insurance Carrier, Appellant. (No. 2.)

Third Department, November 14, 1917.

**Workmen's Compensation Law — application by insurance carrier to reopen case and for a rehearing denied — conclusiveness of award under section 23 of Workmen's Compensation Law after expiration of time to appeal.**

Where an insurance carrier upon the original hearing before the State Industrial Commission and upon a subsequent motion to reopen the case, contended that the policy was obtained by fraud and the Commission ruled that it could not go into such question so long as the policy had in fact been issued, a subsequent application to reopen the case and for a rehearing should be denied, where no new fact is presented except that since the prior decision the Commission has determined as to the legality of policies.

If an insurance carrier allows its time to appeal to expire, an award of the State Industrial Commission is conclusive against it, under section 23 of the Workmen's Compensation Law, and it should not be accorded the right of a review under the name of a rehearing.

APPEAL by the defendant, The Commercial Casualty Insurance Company, from an order or decision of the State Industrial Commission, made on the 12th day of July, 1917, denying an application to reopen and rehear the above matter.

*Otto D. Parker* [*Walter L. Glenney* of counsel], for the appellant.

*Merton E. Lewis, Attorney-General,* and *Robert W. Bonynge,* counsel to the Commission, for the respondents.

*Louis S. Stumpf,* for the employer.

KELLOGG, P. J.:

The claim was heard before the Commission and the hearing, March 22, 1915, resulted in an award. The appellant made a motion, July 6, 1917, for the reopening of the case upon the ground that the accident occurred before the policy was issued upon the statement that no accident except a trivial one (other than this) had occurred, and that the policy was, therefore, obtained by fraud. The appellant made the same contention before the Commission upon the original hearing. It is true the Commission did not set aside the policy for fraud, but ruled that it would not go into the question of the fraud so long as the policy had in fact been issued. No new fact is presented to the Commission upon this motion, except that since the decision the Commission has determined as' to the legality of policies and the court seems to maintain such practice. (*Matter of Skoczlois* v. *Vinocour,* 221 N. Y. 276.)

If timely appeal has been taken, the question may be considered and justice done on the appeal. If the appellant has allowed its time to appeal to expire the award is conclusive against it under section 23 of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd. by Laws of 1916, chap. 622, and Laws of 1917, chap. 705), and it should not, therefore, be accorded the right of a

review under the name of a rehearing. Unless the award is reversed on appeal it should stand. The determination appealed from is, therefore, affirmed.

Determination of the Commission unanimously affirmed.