Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ANNIE SULLIVAN, Respondent, for Compensation to Herself and Child, under the Workmen's Compensation Law, for the ·Death of Her Husband, JEREMIAH SULLIVAN, against HUDSON NAVIGATION COMPANY, Employer and Self-Insurer, Appellant.    (No. 26.)

In the Matter of the Claim of EMILY ANDERSON, Respondent, for Compensation to Herself and Infant Son, under the Workmen's Compensation Law, for the Death of Her Husband, BERNARD ANDERSON, against C. W. CHADWICK & COMPANY, Employer, and MASSACHUSETTS BONDING AND INSURANCE COMPANY, Insurance Carrier, Appellants. (No. 39.)

In the Matter of the Claim of MICHAEL J. COAKLEY, Respondent, for Compensation under the Workmen's Compensation Law, against THE KIRKHAM COMPANY, Employer, and UNITED STATES FIDELITY AND GUARANTY COMPANY, Insurance Carrier, Appellants.    (No. 35.)

In the Matter of the Claim of MARGARET DOEY, Respondent, for Compensation to Herself and Infant Children, under the Workmen's Compensation Law, for the Death of Her Husband, PATRICK DOEY, against CLARENCE P. HOWLAND Co., INC., Employer, and MASSACHUSETTS BONDING AND INSURANCE COMPANY, Insurance Carrier, Appellants. (No. 38.)

In the Matter of the Claim of LOUIS ANDERSON, Respondent, for Compensation under the Workmen's Compensation Law, against JOHNSON LIGHTERAGE COMPANY, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.    (No. 48.)

In the Matter of the Claim of PIETRO TACOLETTI, Respondent, for Compensation under the Workmen's Compensation Law, against MCQUADE STEVEDORING COMPANY, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.    (No. 50.)

In the Matter of the Claim of GRACE KEATOR, Widow, and
MOSES H. KEATOR, Dependent Father, Respondents,
for Compensation under the Workmen's Compensation
Law, for the Death of ALEXANDER KEATOR, against ROCK
PLASTER MFG. CO., Employer, and EMPLOYERS' LIABILITY
ASSURANCE CORPORATION, LTD., Insurance Carrier, Appel-
lants.    (No. 52.)

In the Matter of the Claim of MARGARET BELKNAP, Appellant,
for Compensation to Herself and Minor Children, under
the Workmen's Compensation Law, for the Death of Her
Husband, CHAUNCEY BELKNAP, against CENTRAL-HUDSON
STEAMBOAT COMPANY, Employer, and TRAVELERS INSURANCE
COMPANY, Insurance Carrier, Respondents.    (No. 34.)

Third Department, March 7, 1918.

**Workmen's Compensation Law — injury to employees working on
vessels on navigable waters — exclusive jurisdiction of Federal
courts — failure of employer to assert lack of jurisdiction of State
Commission no waiver of subsequent right to raise said objection
— employees injured while repairing sea-going vessels — injury
to stevedore working on wharf — State Industrial Commission
has no common-law jurisdiction.**

Although an employer and his insurance carrier did not question the
jurisdiction of the State Industrial Commission to make an award for
an injury to an employee occurring on board a vessel plying navigable
waters within the Federal jurisdiction, nevertheless when it was subse-
quently judicially determined by the United States Supreme Court that
exclusive jurisdiction of such cases vests in the United States District
Courts exercising admiralty jurisdiction said employer and insurance
company may assert the lack of jurisdiction of the State tribunal and
there is no estoppel or waiver by reason of their failure to take the
objection in the first instance.

While a party may, by appearing, waive an objection to the jurisdiction
of his person, he cannot confer authority upon a court or other body
which is denied by law by a failure to offer the objection seasonably.
Where the body acts contrary to law and without power or jurisdiction,
the party aggrieved may raise the question at any time when his rights
are invaded — he may challenge the jurisdiction.

It matters not how complete an adjudication may be; if the court was
without power or jurisdiction its judgment or decree is without avail.

Employees of corporations engaged in making alterations or repairs upon
ocean-going ships while in port to fit them for carrying particular cargoes

are within the exclusive jurisdiction of admiralty in the performance of such work, whether their contract of employment was maritime or not, and the State Industrial Commission has no jurisdiction of a claim founded on injuries to such employees while performing their work.

While prior to the enactment of the Workmen's Compensation Law, courts of common law and admiralty had concurrent jurisdiction of such claims, the State Industrial Commission, created by said law, has no common-law jurisdiction.

·The aforesaid principle holds in the case of employees who were injured while working as stevedores upon a wharf, for the work of a stevedore is maritime in its nature and his employment is a maritime contract over which the State Industrial Commission has no jurisdiction, and such contract must be enforced either in admiralty or in the courts of common law.

JOHN M. KELLOGG, P. J., and COCHRANE, J., dissented in part, with opinion.

APPEAL by the defendant in Case No. 26, Hudson Navigation Company, from an order of the State Industrial Commission, dated on the 27th day of July, 1917, which purported to vacate an order of said Commission dated June 14, 1917, setting aside an award of the Commission made on the 28th day of June, 1916.

Appeal by the defendants in case No. 39, C. W. Chadwick & Company and another, from an award and decision of the State Industrial Commission, dated on the 20th day of September, 1917, denying appellants' application to vacate and set aside an award made on the 13th day of September, 1916, and also from the decision directing the appellants to continue payments under said award.

Appeal by the defendants in case No. 35, The Kirkham Company and another, from a decision and award of the State Industrial Commission, made on the 28th day of September, 1917.

Appeal by the defendants in case No. 38, Clarence P. Howland Co., Inc., and another, from a decision and award of the State Industrial Commission, dated on the 14th day of September, 1917, and also from a decision of said Industrial Commission rendered on the same day, denying appellants' application to reopen the proceedings to determine the question of jurisdiction and for the purpose of setting aside said award and directing the continuance of payments thereunder.

Appeal by the defendants in case No. 48, Johnson Lighterage Company and another, from an award of the State Industrial

Commission, entered in the office of said Commission on the 8th day of October, 1917.

Appeal by the defendants in case No. 50, McQuade Stevedoring Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 15th day of October, 1917.

Appeal by the defendants in case No. 52, Rock Plaster Mfg. Co. and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 19th day of September, 1917.

Appeal by the claimants in case No. 34, Margaret Belknap and minor children, from a finding and award of the State Industrial Commission, dated on the 7th day of August, 1917, disallowing an award and dismissing the claim.

*Cleland R. Neal, Joseph F. Murray* and *Frederick M. Thompson,* for the appellant in case No. 26.

*Nellis & Nellis* [*Merwyn H. Nellis* of counsel], for the appellants in cases Nos. 39 and 38.

*William Dike Reed* [*M. Linn Bruce* of counsel], for the appellants in case No. 35.

*Bertrand L. Pettigrew* [*Walter L. Glenney* of counsel], for the appellants in cases Nos. 48, 50 and 52.

*J. Harold McCord,* for the appellant in case No. 34.

*Amos H. Stephens* [*E. Clyde Sherwood* of counsel], for the respondents in case No. 34.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel for State Industrial Commission, for the respondents in all cases.

WOODWARD, J.:

All of the above cases involve the question of the jurisdiction of the State Industrial Commission to make the awards in question, and some of them involve the problem of estoppel or waiver on the part of the insurance carriers. It is conceded

that the jurisdictional question involved is close, and it has been thought proper to dispose of them all together, that all of the matters may be presented upon a single determination.

In *Matter of Belknap* (No. 34) the State Industrial Commission has refused an award in a case which comes within the letter of the statute, on the ground that the accident occurred on board a steamboat plying the waters of the Hudson river, a navigable.stream, and that the case, therefore, fell within the exclusive jurisdiction of admiralty. No serious question is raised that the appellant is entitled to a reversal, unless the conclusion is reached that the Commission is correct as to the question of jurisdiction, so that this case may be passed for the present, as it must follow the disposition of the underlying question in all the other cases.

In *Matter of Sullivan* v. *Hudson Navigation Company* (No. 26), and *Matter of Anderson* v. *C. W. Chadwick & Company* (No. 39), there was an accident upon a steamboat upon navigable waters, as in *Matter of Belknap* (*supra*), and in the *Sullivan* case the Commission, after suspending action, subsequently reinstated an award to the claimant upon the theory that as the matter was before the Commission with the consent of the insurance carriers the original award might be sustained on the ground that the question of jurisdiction was not raised in the proceeding, and, therefore, was to be deemed waived. Substantially the same situation prevails in the *Anderson* case (No. 39).

Assuming for the present that the accidents, which occurred on shipboard on navigable waters, were within the exclusive jurisdiction of admiralty courts, did the fact that the proceedings before the State Industrial Commission were consummated before the decisions of the United States Supreme Court were known, have the effect of waiving the rights of the insurance carriers and employers, or of estopping them from raising the question of jurisdiction? It is not suggested that any objection to the jurisdiction of the State Industrial Commission was raised when the cases were before that body for determination, and it was only after the decisions of the Supreme Court of the United States in the cases of *Southern Pacific Co.* v. *Jensen* (244 U. S. 205) and *Clyde S. S. Co.* v. *Walker* (Id. 255) that the Commission itself began to question

its power, and this was followed by the insurance carriers and employers challenging the action. The question is thus fairly presented in these two cases whether acquiescence in the action of the State Industrial Commission, at the time the matters were under consideration in that body resulting in awards to the claimants, renders such action conclusive, either upon the theory of waiver or estoppel.

It is true, of course, that persons and corporations may waive in some matters, and upon some occasions, a constitutional or statutory provision in their favor (*Mayor, etc., v. M. R. Co.,* 143 N. Y. 1, 26, and authorities there cited), but this power is subject to the limitation that it must not be against good morals or sound public policy. (*Matter of New York, L. & W. R. R. Co.,* 98 N. Y. 447, 453.) The public policy of the State is evidenced in legislative and constitutional enactments, and is defined and applied in judicial decisions. (*Matter of Lampson,* 161 N. Y. 511.) When that public policy has been declared parties cannot make a binding contract, by waiver, estoppel, or by mutual agreement, which is in violation of such declared law or public policy. (*Sternaman* v. *Metropolitan Life Ins. Co.,* 170 N. Y. 13, 19.) Whatever is forbidden by law, either directly or by necessary implication, cannot be legally done; in law it has no standing whatever and is void. And a "void [act] is no [act]." (*People* v. *Witherbee,* 178 App. Div. 368, 370, and authorities there cited; *Davidson* v. *Ream,* Id. 362.)

This rule is specially emphasized as it relates to the powers of courts or bodies charged with the discharge of particular duties. The powers or jurisdiction cannot be extended by consent. The rule is well established that "when a party interposes the judgment of a court as the foundation of his title or claim, the want of jurisdiction in the court to render the judgment may always be set up against it when sought to be enforced, or when any benefit is claimed under it by the party in whose favor it was rendered, or by any one claiming under him. It is always open to the party against whom the judgment is offered to prove the want of jurisdiction in the court, even though such proof contradicts recitals in the record. * * * Whenever, therefore, a judgment is interposed as a claim or the foundation of a title, the party

against whom it is offered may show that it is void, and, therefore, that the supposed record is not in truth a record at all. No court or judicial officer can acquire jurisdiction by the mere assertion of it, or by erroneously alleging the existence of facts upon which jurisdiction depends. If the court had no jurisdiction, it had no power to make a record, and the supposed record is not in truth entitled to the character of a judgment." (*O'Donoghue* v. *Boies*, 159 N. Y. 87, 98.) In harmony with this holding, and relying upon it for authority, this court in *Davidson* v. *Ream* (178 App. Div. 362) held squarely that the plaintiff, who had invoked the jurisdiction of the court, was not estopped to question its jurisdiction, and to have a judgment, nominally in her favor, set aside. In that case we pointed out that the court was without jurisdiction of the subject-matter, and said: " The lack of jurisdiction makes the original judgment and the record of its action utterly void and unavailable for any purpose, and while the plaintiff might rely upon this situation, she is at liberty by a more direct and summary proceeding to have the judgment set aside and vacated, and this right is not affected by the fact that this application is made before a different justice from the one who presided at the time the judgment was granted. (*Kamp* v. *Kamp*, 59 N. Y. 212, 216–218, and authorities there cited.) The application in the case now before us is not to reverse the judgment of the court, or to consider the merits of the controversy, but to prevent the enforcement or recognition of a void judgment (*Kamp* v. *Kamp*, *supra*), and the fact that the plaintiff was, in form at least, the moving party in the original action does not estop her from invoking the aid of this court. Wherever there is want of authority to hear and determine the subject-matter of the controversy an adjudication upon the merits is a nullity and does not estop even an assenting party. (*Matter of Walker*, 136 N. Y. 20, 29, and authority there cited; *Risley* v. *Phenix Bank of City of New York*, 83 id. 318, 337; *O'Donoghue* v. *Boies*, 159 id. 87, 98, 99, and authorities cited.) " And the rule is that the judgment may, under such circumstances, be attacked directly or collaterally whenever it comes in question. (*O'Donoghue* v. *Boies*, *supra*, 99.) Clearly, if a party who has invoked the aid of a court

of general jurisdiction, and has had a judgment in her favor, may be heard to question the jurisdiction of such court over the subject-matter, and may have the judgment set aside as void, it cannot be held that the insurance carrier and employer are estopped to question the jurisdiction of a statutory tribunal when it has been judicially determined that such tribunal has no jurisdiction of the controversy. The insurance carrier and employer did not invoke the jurisdiction; it was assumed by the State Industrial Commission, under the letter of the Workmen's Compensation Law, and it now having been fully determined by the United States Supreme Court that under the circumstances of this case the exclusive jurisdiction vests in the United States District Courts, exercising admiralty jurisdiction, we are of the opinion that these two cases here specially considered should be reversed, and that *Matter of Belknap* (No. 34) should be affirmed.

So far, therefore, as the jurisdictional question is involved in any of the above cases, we are of the opinion that it cannot be waived, and that the conduct of the parties cannot work an estoppel which will give validity to an award of the State Industrial Commission where it was without jurisdiction of the subject-matter. A party may, by appearing, waive an objection to the jurisdiction of his person, but he cannot confer authority upon a court or other body, which is denied by law, by a failure to offer the objection seasonably. Where the body acts contrary to law and without power or jurisdiction, the party aggrieved may raise the question at any time when his rights are invaded; he may challenge the jurisdiction. Where there are facts before the court for determination on which the question of jurisdiction depends, of course the adjudication may be reviewed only on appeal. (*O'Donoghue* v. *Boies, supra.*) In such a case it is necessary to raise the question at a proper time and in a proper manner, but the question of whether the body acted within the jurisdiction or power granted, and which impliedly forbade the exercise of any other power than that granted, may always be asserted and raised, directly or collaterally, either from an inspection of the record itself when offered in behalf of the party claiming under it, or upon extraneous proof which

is always admissible for that purpose. (*O'Donoghue* v. *Boies*, *supra*, 99.) The fact that appellate courts, confined to the review of law questions, will not consider a constitutional question which was not presented in the court below, as in *Valley S. S. Co.* v. *Wattawa* (244 U. S. 202) does not change this rule. It is the duty of such court to review only the actual determinations of the court below, not to take original cognizance, and the fact that the party may subsequently raise the question of jurisdiction fully protects his rights. It matters not how complete the adjudication may be, if the court was without power or jurisdiction its judgment or decree is without avail. This distinction runs through all the cases, reaching to the powers of municipal or other corporations. Mere irregularities, not going to the jurisdiction of the body acting, may be disregarded, or their effect limited; but where they reach to the dignity of jurisdictional defects they are fatal. (*Moore* v. *Mayor*, 73 N. Y. 238, 248, 249, and authorities cited.)

In *Matter of Doey* (No. 38) and *Matter of Coakley* (No. 35) we have cases in which the employers were corporations engaged in making alterations or repairs upon ocean-going ships to fit them for carrying particular cargoes, and the employee was found dead in the hold of the vessel in one instance, and was injured in the other. Awards have been made in both cases, and the only separate question necessary to be considered is whether these men were within the exclusive jurisdiction of admiralty in the performance of their work; whether their contracts of employment were maritime in their nature. It is true that these men were what might be called carpenters by trade, and they were engaged in carpenter work at the time of the accidents, but they were doing work looking to the fitting of vessels to carry the cargoes offered; they were doing work preliminary to the actual loading of the vessels, and no good reason suggests itself to our minds why we should attempt to distinguish between this class of labor, performed on shipboard in connection with the taking on of cargoes, and the work of longshoremen in actually placing the cargo. The work of a stevedore has been conclusively determined to be maritime in its nature, and his contract of employment a maritime

contract, and that injuries received in connection with the performance of such contract on shipboard were likewise maritime; and that the rights and liabilities of the parties in connection therewith are matters clearly within the admiralty jurisdiction. (*Southern Pacific Co.* v. *Jensen,* 244 U. S. 205, 217, and authority there cited.) It is not the particular kind of work which the person is qualified to perform, or the fact that he is performing a particular kind of work, which determines the exclusive jurisdiction of a court of admiralty; it is the character of the contract — whether it has reference to maritime service or maritime transactions. (*Atlantic Transport Co.* v. *Imbrovek,* 234 U. S. 52, 62.) In the case of torts, the mere fact that the tort occurs on board of a ship located in navigable waters, is sufficient (*Atlantic Transport Co.* v. *Imbrovek, supra*), and matters of contract in connection with such employment are likewise within the rule, as we have already seen. Both of these cases sound in tort; they are cases in which courts of common law and of admiralty had concurrent jurisdiction prior to the enactment of the Workmen's Compensation Law, and we are clearly of the opinion that the State Industrial Commission, which has no common-law jurisdiction, has no power to deal with these cases. In *Atlantic Transport Co.* v. *Imbrovek (supra)* the employer was, as in this case, a corporation employing persons to aid in the loading and unloading of ships at their docks, and the court held that admiralty had jurisdiction of the cause of action against such employers, although the work was being done for the steamship company, and the accident grew out of such work. If the court in that case had jurisdiction of the employer, it would have jurisdiction in the cases now under consideration, and, having such jurisdiction, the State Industrial Commission cannot have it, and the awards should be reversed.

In *Matter of Anderson* (No. 48), *Matter of Keator* (No. 52) and *Matter of Tacoletti* (No. 50) the injured employees were at work upon the wharf, and, if the jurisdiction depended upon the rule in cases of torts, it might be that there would be some question as to whether the admiralty court would have jurisdiction. The authorities seem to hold that in

matters of tort the location is controlling; that to give juris-
diction the tort must have been committed upon the high
seas or navigable waters, and it has been held that docks
and piers were not a part of the navigable waters, but were
rather extensions of the land. The difficulty is, however,
that section 9 of the Judiciary Act of 1789 (1 U. S. Stat. at
Large, 76, 77) gives the District Courts of the United States
" exclusive original cognizance of all civil causes of admiralty
and maritime jurisdiction; * * * saving to suitors, in all
cases, the right of a common law remedy, where the com-
mon law is competent to give it," and this is still the
law.    (U. S. R. S. §§ 563, 711; U. S. Judicial Code [36
U. S. Stat. at Large, 1091, 1160, 1161], §§ 24, 256*; *Southern
Pacific Co.* v. *Jensen, supra.*)    " The work of a stevedore
in which the deceased was engaged is maritime in its nature;
his employment was a maritime contract; the injuries which
he received were likewise maritime; and the rights and
liabilities of the parties in connection therewith were matters
clearly within the admiralty jurisdiction." (*Southern Pacific
Co.* v. *Jensen, supra,* 217.)    In other words, the admiralty
court has exclusive jurisdiction of maritime contracts, except
in so far as the parties have common-law remedies which
they may assert, and if an employee under a maritime con-
tract receives an injury he must look either to the common
law or to the admiralty jurisdiction for his remedy.    Whether
the Workmen's Compensation Law has operated to take away
the common-law remedy of persons employed in loading and
unloading ships under maritime contracts it is not now
necessary to consider; it is enough that the remedy which
the Workmen's Compensation Law attempts to give is of a
character wholly unknown to the common law, incapable of
enforcement by the ordinary processes of any court and is
not saved to suitors from the grant of exclusive jurisdiction.
(*Southern Pacific Co.* v. *Jensen, supra,* 218.)    In such a

* On October 6, 1917, after the accidents herein, the words " and to
claimants the rights and remedies under the Workmen's Compensation
Law of any State " were added to the statute as quoted in the opinion.
(See 36 U. S. Stat. at Large, 1091, § 24, subd. 3, as amd. by 40 id. 395,
chap. 97, § 1; 36 id. 1160, 1161, § 256, subd. 3, as amd. by 40 id. 395, chap.
97, § 2.) — [REP.

situation the remedy must be found elsewhere than in the Workmen's Compensation Law, and that is the question presented here. Maritime contracts must be enforced, and the rights of parties determined under them, either in admiralty or in courts of common law; they cannot be disposed of by a tribunal unknown to either of these jurisdictions.

While there are some expressions in *Southern Pacific Co.* v. *Jensen* (*supra*) which seem to intimate that the case is intended to be limited to vessels engaged in interstate or foreign commerce, we think a careful reading of the opinion does not warrant such a limitation, especially in the light of the previous adjudications of that court. In *The Hine* v. *Trevor* (4 Wall. 555, 563) the court, in speaking of *The Genesee Chief* v. *Fitzhugh* (12 How. [U. S.] 457), say that that case overrules all the previous decisions limiting the admiralty jurisdiction to tidewater, and " asserts the broad doctrine that the principles of that jurisdiction, as conferred on the Federal courts by the Constitution, extend wherever ships float and navigation successfully aids commerce, whether internal or external," and in *Matter of Garnett* (141 U. S. 1, 15) the court, after citing many cases, say: " In some of the cases it was held distinctly that this jurisdiction does not depend on the question of foreign or interstate commerce, but also exists where the voyage or contract, if maritime in character, is made and to be performed wholly within a single State," and quotes Mr. Justice CLIFFORD in *The Belfast* (7 Wall. 640) as saying that " difficulties attend every attempt to define the exact limits of admiralty jurisdiction, but it cannot be made to depend upon the power of Congress to regulate commerce, as conferred in the Constitution. They are entirely distinct things, having no necessary connection with one another, and are conferred, in the Constitution, by separate and distinct grants."

If the Workmen's Compensation Law had given the right which the statute now gives, and had provided a common-law remedy, the difficulty here presented would not exist. (*Dougan* v. *Champlain Transportation Co.*, 56 N. Y. 1, 5.) By giving a right unknown to the common law, and by providing a remedy equally strange to our underlying law, the subject-matter of contracts of a maritime nature is left to

the exclusive jurisdiction granted by law to courts of admiralty, and the awards made by the State Industrial Commission are without jurisdiction, and void.

All of the awards made must be reversed, and all of the orders which have been made denying relief to the appellants must follow this disposition; and in *Matter of Belknap* (No. 34) the determination of the Commission should be affirmed.

All concurred, except JOHN M. KELLOGG, P. J., who dissented (with an opinion in which COCHRANE, J., concurred) in each of the cases except the *Sullivan* case, the *Belknap* case, and the *Emily Anderson* case, in which latter cases he concurred in the result.

JOHN M. KELLOGG, P. J. (dissenting in part):

Concededly, the Workmen's Compensation Law is valid, and its terms, in effect, enter into every contract of employment embraced within its various groups. (*Matter of Post* v. *Burger & Gohlke*, 216 N. Y. 544.)

The State Industrial Commission has general jurisdiction over all questions of compensation, and when a claim apparently within the law is presented to it, and the employer and insurance carrier are duly notified of it and of the hearing thereof, the Commission has general jurisdiction of the subject-matter and of the parties. If in exercising its jurisdiction it makes mistakes, overlooks certain facts or rules of law, the remedy is by appeal.

The determination of the Commission is more easily sustained by the general presumption created by the statute that in a proceeding to enforce a claim for compensation, in the absence of substantial evidence to the contrary, the claim comes within the provisions of that act. (§ 21.)

The determination of the Commission is also aided by section 20 of the law, which provides: " The Commission shall have full power and authority to determine all questions in relation to the payment of claims presented to it for compensation under the provisions of this chapter. * * * The decision of the Commission shall be final as to all questions of fact, and, except as provided in section twenty-three, as to all questions of law." Section 23 provides: " An award or

decision of the Commission shall be final and conclusive upon all questions within its jurisdiction, as against the State Fund or between the parties, unless reversed or modified on appeal therefrom as hereinafter provided."

It is unprofitable to attempt to apply to proceedings under this law the rules relating to actions and other proceedings in court, for one of the objects of the law was to take claims of injured employees from the courts where determination depends somewhat upon technicality and fixed rules of law and practice, and to provide a summary remedy where matters of substance only should be considered and speedy substantial justice administered in an informal way. Section 68 of the law provides that the Commission " in making an investigation or inquiry or conducting a hearing shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure, except as provided by this chapter; but may make such investigation or inquiry, or conduct such hearing in such manner as to ascertain the substantial rights of the parties." The provisions above referred to not only relate to and govern the action of the Commission, but continue at all times, and govern the actions of any court which is called upon to review or consider in any way the proceedings of the Commission.

An employment may fall within one of the groups named as hazardous employments; nevertheless there may be employments embraced within that group which are practically exempted from the law and for which compensation cannot be made. For example, the operation of a stationary engine is within group 22 as a hazardous employment; but if the engine is operated by the farmer who owns it, and his farm hands, in doing his ordinary farm work, such as threshing and sawing wood, etc., the operator is not within the benefits of the law because farm laborers and domestic servants are excepted therefrom by subdivision 4 of section 3. Longshore work, including the loading or unloading of cargoes " or moving or handling the same on any dock, platform or place, or in any warehouse or other place of storage," is a hazardous employment within group 10; but if a stevedore, or a long-shoreman who is performing the work of a stevedore, is actually engaged in stowing away the cargo upon a vessel

navigating public waters, he is not within the protection of the law. (*Southern Pacific Co.* v. *Jensen*, 244 U. S. 205; *Clyde S. S. Co.* v. *Walker*, Id. 255; *Atlantic Transport Co.* v. *Imbrovek*, 234 U. S. 52.) Such work, being performed upon navigable waters in contra-distinction to work upon the dock or upon land, is within exclusive admiralty jurisdiction.

A careful perusal of the cases cited shows that there is more or less uncertainty as to just what constitutes an admiralty or maritime claim. The cases, however, establish that the exact location of the performance of the work, that is upon navigable waters or upon a ship in use in navigating such waters, is the controlling feature in case of an injury to a workman. The effect of these cases, when attempted to be used to destroy or limit this beneficial statute, must be strictly construed and confined to the actual point decided by them or necessarily included in the spirit of the decision. The mere fact that an injury takes place upon a boat, at a public dock, does not show conclusively that it was a matter within the admiralty jurisdiction. It must arise from a matter pertaining to the navigation of the boat; if we assume that the boat upon which the accident occurred had never entered upon navigation, but was being fitted for its initial trip, the work upon it would not be within admiralty jurisdiction.

A claim is presented to the Commission showing that an employee was injured while operating a stationary engine. The employer and insurance carrier are summoned before it and the evidence taken. The facts alleged in the claim are not disputed, but it does not appear just what kind of work the engine was doing at the time of the accident; neither party apparently was interested in that question at the time. An award made upon that record is not void by proof thereafter that the engine at the time was engaged by the owner in performing his ordinary farm work, or that the engine was in operation upon a steamboat navigating public waters. Those matters should have been proved before the Commission. The evidence before the Commission, and the presumptions applying to the case, fully justified the award when made and, as we have seen, the determination is final unless reversed or modified on appeal. The insurance carrier

and employer had their day in court, and if they were within an exception to the law they should have proved it.

Upon the other hand, if we assume that it appeared before the Commission that the engine was in fact engaged by the owner in doing his ordinary farm work, and was used solely for that purpose by the farm hand who was injured, or that it was on board a ship navigating public waters, the Commission would have no power to go further with the inquiry, as the claim clearly would not be within its jurisdiction. In the first supposed case the petition upon which the hearing was had, and the evidence aided by the presumptions in favor of the claim, show that it was a matter properly before the Commission. In the other supposed case, it appeared that the Commission had no power to make inquiry as to such a matter. A court, or body acting judicially, after it has acquired jurisdiction of the subject-matter and of the person by a proper complaint or petition and service of a summons or notice of hearing, loses jurisdiction of the subject-matter when the evidence conclusively shows that the real facts are outside of the jurisdiction of the court. It does not, however, lose jurisdiction by the proof of such facts after the decision is made.

A brings action against B on contract in the Supreme Court, with a summons personally served. Both parties are present at the trial. The evidence is meagre. It is shown, however, in a general way that by a contract which A has performed B became liable to pay $1,000 which is due and unpaid, and plaintiff has judgment therefor. B cannot allege thereafter that the court had not jurisdiction because the contract was a maritime contract solely within the jurisdiction of the admiralty courts. In a like action for tort the wrong is established by general evidence and plaintiff has judgment for the damages proved. B cannot thereafter, for the first time, raise the question that the judgment is void because the tort was a maritime tort solely within the cognizance of a court of admiralty. The court had jurisdiction of the subject-matter alleged and proved, and the defendants, by failing to show the facts, have precluded themselves from showing other facts which if timely shown would have deprived the court of jurisdiction.

In compensation cases the power and jurisdiction of the Commission continues after the award, and it may from time to time make such modification or change in its determination " as in its opinion may be just." (§§ 74, 22.)

We conclude, therefore, that unless the claim itself, or the evidence upon which the award is based, shows that the Commission had no jurisdiction over the claim, the only remedy of the insurance carrier and employer is to apply to the Commission and satisfy it that justice requires a rehearing.

Where no appeal is taken from an award, and the time to appeal has expired, a rehearing will not be granted for the consideration of questions which were within the record. Such a rehearing would practically be an extension of the time in which to appeal. (*Clemens* v. *Clemens & Grell, No. 2,* 180 App. Div. 92; 167 N. Y. Supp. 519.)

After these general considerations we may consider the particular cases: In the *Coakley* case the employee was a carpenter (group 42) and the award was made upon an agreement of the parties. The agreement did not necessarily show that the matter was of admiralty jurisdiction. The fact that the parties consented to the award and agreed that the case was within the law probably prevented an inquiry as to the exact facts. Upon the agreement the Commission had jurisdiction to approve of it and make the award effectual. In the *Tacoletti* and *Louis Anderson* cases the employees were engaged in longshore work, but upon the dock and not upon a vessel or upon navigable waters. They were within group 10 and are not affected by the decision in the *Jensen* and *Walker* cases, for admiralty jurisdiction does not cover a dock worker.

In the *Keator* case the employer was engaged in the manufacture of plaster paris and in stone crushing and grinding (a hazardous employment within group 19), with a plant at the docks. A boat belonging to third persons was unloading stone at the plant on the dock, and Keator, from the dock, was superintending or directing the unloading. He was not an employee of the boat or upon the boat at any time; his work was upon the shore at the master's plant and he was not subject at any time to admiralty or maritime jurisdiction. The Commission properly refused to vacate the award.

In the *Sullivan* case the employee was a dock hand and was injured upon his boat upon navigable waters, at pier No. 32, North river, New York city. The petition and proceedings upon which the award is based affirmatively show facts which take the case outside of the act. If it might be considered that he was within the spirit of group 8, which is the operation of vessels of this State under certain conditions, it must be considered that the *Jensen* case and the cases above cited deprive him of the benefit of that group, and his employment was not within any other group. The Commission had no power to grant an award and should have vacated it.

In the *Bernard Anderson* case the claim for compensation presented to the Commission, and upon which the award was made, established that the employee was master of a barge engaged in the coastwise trade, and met his death while operating it. The employment was clearly within the exclusive jurisdiction of admiralty and the Commission had no power to enter upon the hearing or make an award.

In the *Belknap* case the employee was chief engineer on the steamship *Newburgh*, and was injured while putting his engine in order. The petition and evidence upon which the award was made did not show that the case was within exclusive admiralty jurisdiction. The presumption that the claim is within the law, and the claim itself, might justify the Commission in concluding that the boat was being fitted out and was not at the time in actual use in navigation. After the award the deputy commissioner reported that the accident having happened on a steamer on the Hudson river, it was exclusively within admiralty jurisdiction, and upon that theory the Commission made the determination appealed from disallowing the award which it had previously made. In seeking to deprive the laws of the State of force over its citizens it must be affirmatively established that the case is of admiralty jurisdiction. The Commission overlooked the fact that the employment was hazardous under group 22. It evidently had in mind only group 8. It considered the award as made void, when in fact it was not. It could not vacate the award without determining that justice under the circumstances required such action, and we cannot determine that justice required that the insurer should be relieved from meeting

the risks which it had voluntarily assumed. The determination annulling the award should be reversed and the matter remitted to the Commission for its determination whether or not justice requires that this valid award be changed or modified.

In each of the cases, aside from the *Sullivan* and the *Bernard Anderson* cases, the employee was engaged in work embraced within one of the groups of section 2 of the Compensation Law, other than group 8, and if injured upon shore and not upon navigable waters his injury would clearly be compensable. In each case the claim, and the papers filed with it bringing the matter to the attention of the Commission, did not make it clear that the injury actually occurred upon navigable waters, or upon a vessel navigating such waters. Giving the claimant the benefit of the presumption raised by the act, the Commission could not determine off-hand that he was engaged in maritime service and within admiralty jurisdiction, and it was its duty to hear the claim. It had the right to believe that if it was solely within admiralty jurisdiction the insurance carrier and the employer would bring that fact to its attention. The question, under the then state of the decisions, was not deemed material, and it is probable that for that reason no inquiry was made. The fact, however, that the insurance carrier did not prove its defense did not deprive the Commission of the jurisdiction which the claim filed gave it to hear and decide the claim.

The insurance carrier, after having paid the awards for a longer or shorter time without objection, asks to have them vacated upon proof to the Commission that the accident happened upon navigable waters and that, therefore, the employees were not within the protection of the Workmen's Compensation Law. The application was directed to the conscience of the Commission. It might grant it if in its opinion, under the circumstances, it was just to do so; otherwise it was its duty to deny the application. In the *Keator* case, as we have seen, his employer was engaged in an employment concededly hazardous under the act. In all of the other cases the insurance carrier, in making the application, claims that the employers were not within the provision of the law and that they required no insurance, and that any

insurance obtained by them was unnecessary and unenforcible. The employer engaged in a hazardous business must insure or qualify as a self-insurer, and by insuring he relieves himself from all claims of negligence on account of the injury and at the same time obtains compensation for his workmen to whom he owes an obligation of protection in a greater or less degree. The insurance company was under no obligation to issue a policy; it sought the risks and assumed them voluntarily upon the theory that by insuring these employers whose business it claims was upon boats navigating the public waters it would do a profitable business. The premium is in its pocket; the loss insured against has occurred and a just award has been made. The award does not charge it with any liability except such as it voluntarily assumed and for which it has been fully compensated. In obtaining the premium the company overreached the employer and the employee by apparently giving them nothing for the premium, or, if acting honestly, was proceeding under a mistake of law; if it has made a mistake of law, it should not be relieved from the effect of it as long as it has been paid fully for taking the risk. If it intentionally overreached the employer and the employee, by selling them insurance which it knew to be worthless, the courts will not be solicitous to aid it in such a scheme. The position of the company is technical and unjust in the extreme, and while it may be said that some of the reasoning here is technical, it is reasonably fair to offset technicality against technicality in the interest of justice. As a matter of justice, and perhaps of technical reasoning, the same rules should apply to all the cases, aside from the *Keator* case, because the result sought to be reached by the insurance company leads to a gross injustice. But we have seen that in the *Sullivan* case and in the *Bernard Anderson* case the awards are void upon their face, and the Commission having made void awards should vacate them. In the other cases we agree with the Commission that justice did not require the vacating of the award. We have seen that the insurance carrier voluntarily entered into the insurance as a good stroke of business for itself. Its policy provides that if the law shall be held unconstitutional or invalid in whole or in part by the judgment of the court of last resort,

the premium rates provided by the policy shall apply until the date of such judgment and that the rates thereafter shall be adjusted so as to reflect the changed condition.    That language applied to these cases means that notwithstanding the declared invalidity of some parts of the law, the premium for carrying that risk shall belong to the company, not probably as a gift, but as something which it has earned, which calls forth the fair inference that the policy contemplates payments for accidents which have happened up to the time when the invalidity is declared.

If the payment of the award should fall upon the employer at any time, the determination of this appeal is without prejudice to his right to bring the matter again before the Commission. (*McNally* v. *Diamond Mills Paper Co.*, 9 State Dept. Rep. 352.)

I, therefore, favor a reversal in the *Sullivan*, the *Belknap* and the *Bernard Anderson* cases and an affirmance in each of the other cases.

COCHRANE, J., concurred.

Determination in each case reversed and the awards annulled, except in the *Belknap* case, where the determination is affirmed.