NEUMANN v. MORSE DRY DOCK & REPAIR CO., Inc.

(District Court, E. D. New York. December 18, 1918.)

MASTER AND SERVANT ☞351, 385(17)—WORKMEN'S COMPENSATION ACT—ACCEPTANCE OF COMPENSATION—EFFECT.

Though a stevedore presented a claim and accepted compensation under the state compensation law, *held* that, as the state Compensation Commission was without jurisdiction, the acceptance of compensation is not a bar to a libel in admiralty; the payments, if made by the employer, being deductible from the recovery, and, if made by the state, to be treated as gratuities.

In Admiralty. Libel by Carl F. Neumann against the Morse Dry Dock & Repair Company, Incorporated. On exceptions to answer. Exceptions sustained.

Nathaniel Phillips, of New York City (William Godnick and Louis R. Bick, both of Brooklyn, N. Y., of counsel), for libelant.

Henry C. Hunter, of New York City, for respondent.

CHATFIELD, District Judge. This action is in admiralty for personal injuries to a stevedore, who presented a claim and accepted compensation under the New York Compensation Law (Consol. Laws, c. 67) prior to the decision of the United States Supreme Court in Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900. After the decision in that case he began the present action.

The respondent interposed as one defense that the libelant made the application above stated and accepted compensation in full satisfaction of his claim. The libelant now moves to strike out this defense, upon the proposition that the moneys received under the Compensation Law were gratuities, or extrajurisdictional payments. This is opposed by the respondent on the authority of The Fred E. Sander (D. C.) 212 Fed. 545. On this theory it is urged that, although no common-law right of recovery exists, although the injured party must proceed in admiralty, and although the Employers' Liability or Workmen's Compensation Act of the various states gives no additional cause of action or right because of the exclusive admiralty jurisdiction under the United States Constitution (Southern Pac. Co. v. Jensen, supra), nevertheless the injured person may, by acts show-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing an election or voluntary contract to accept compensation under the state law, estop himself, and thereby waive his rights in admiralty. It should be noted that the Sander Case was earlier than the Jensen Case, and that it presents an apparently anomalous situation on the present state of the law.

Thus a contract which could not be enforced, because the law creating it is unconstitutional, and as to which the courts have no jurisdiction, would, without conscious agreement on the part of the injured party, be left as the only protection of that injured party in collecting any future compensation, and valid as a defense to the employer.

It seems more difficult to sustain the authority of the state Compensation Commission in a matter where they have no jurisdiction, and where they would have apparently no right to act outside of their jurisdiction, as an agent for the injured individual, than to hold, as did the Appellate Division of the Third Department, in the case of Sullivan v. Hudson Navigation Co. (and other cases) 182 App. Div. 152, 169 N. Y. Supp. 645, that the payments received by the injured party were paid under a mistake of law and that the state Commission had no authority at all in the matter.

If this money was paid under mistake of law, there would seem to be no reason for holding that the libelant's right to sue in admiralty had been lost, nor to hold that the libelant must as a condition precedent restore the money paid before suing to recover in admiralty. The case is not one of rescission of contract with a tender of consideration received. Drobney v. Lukens Iron & Steel Co., 204 Fed. 11, 122 C. C. A. 325.

It is, however, a situation where the money paid under the Compensation Law was on account of the injuries, and in so far as this money came from or belonged to the employer it should be treated as a payment on account, and would, of course, be deductible from the ultimate recovery, if there be any. In so far as these moneys came from the funds of the state of New York, or were in the nature of a gratuity, the libelant would be entitled to keep them as against his employer. Those questions can be disposed of at the trial.

In the meantime the exceptions to the answer will be sustained.