Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of CHRIS LARSEN, Respondent, for Compensation under the Workmen's Compensation Law, *v.* NEWBURGH SHIPYARDS, INC., Employer, and MANUFACTURERS' LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, January 17, 1922.

**Workmen's Compensation Law — admiralty and maritime jurisdiction — employee engaged in construction of new ship not in maritime employment.**

The claimant, a pipefitter's helper, was not engaged in maritime employment, where it appeared that at the time of the injury he was working on a new ship, in the process of construction, the hull of which had been launched and was floating in the wet basin, made fast to the dock.

APPEAL by the defendants, Newburgh Shipyards, Inc., and another, from an award of the State Industrial Board, entered in the office of the said Board on or about the 18th day of July, 1921.

*A. G. Maul* [*James A. Gray* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent.

VAN KIRK, J.:

But one question is raised, whether or not claimant's employment was maritime in its nature; that is, was Larsen, at the time he was injured, engaged in the performance of a maritime contract? The employer, Newburgh Shipyards, Inc., was engaged in building ships. The claimant, Larsen, was a pipefitters' helper, working in the building of ships. Larsen was injured on October 18, 1920, while working on the hull of a ship in process of construction. The hull had been launched and was floating in the wet basin, made fast to the dock. This boat was not completed for use and ready to leave the yard until December 23, 1920, two months after the injury to claimant.

In determining whether or not a contract is maritime in it nature, the true test is the subject-matter of the contract — the nature and character of the work to be done (*Matter of Doey* v. *Howland Co.*, 224 N. Y. 30, 35; *Erie Railroad Co.* v. *Welsh*, 242 U. S. 303); whether it has reference to a maritime service or a maritime transaction. (*Sullivan* v. *Hudson Navigation Co.*, 182 App. Div. 152, 161; *Atlantic Transport Co.* v. *Imbrovek*, 234 U. S. 52, 62.) A contract for the building of a ship is not maritime in its nature, and this is true though part of the building is done after the hull is in the water. (*Thames Co.* v. *The Francis McDonald*, 254 U. S. 242.) Mr. Justice McREYNOLDS, speaking for the court in that case, said (on p. 244): " Notwithstanding possible and once not inappropriate criticism, the doctrine is now firmly established that contracts to construct entirely new ships are non-maritime because not nearly enough related to any rights and duties pertaining to commerce and navigation. It is said that in no proper sense can they be regarded as directly and immediately connected with navigation or commerce by water. [Citing authorities.] And we think the same reasons which exclude such contracts from admiralty jurisdiction likewise apply to agreements made after the hull is in the water, for the work and material necessary to consummate a partial construction and bring the vessel into condition to function as intended." This was said in an action brought to recover for supplies furnished and work done under a contract to complete the boat, made after the hull was in the water, and the libel was dismissed because the contract was not maritime.

The award should be affirmed.

Award unanimously affirmed, with costs.