WALTER J. HARRIS, Plaintiff, *v.* DAVID MAGRILL and Others,
Defendants.

Supreme Court, New York County, February 9, 1928.

Corporations — officers — action to restrain defendants from removing
plaintiff as secretary of close corporation — agreement to form cor-
poration provided that so long as parties were stockholders they should
be elected officers — meeting ousting plaintiff was not legally called —
agreement is not illegal — ouster restrained.

The plaintiff and the defendants entered into an agreement to form a corporation,
which was done. The agreement provided that so long as the three parties to
the agreement should be stockholders they would be elected officers of the
corporation and that as soon as one of the parties ceased to be a stockholder
the agreement would terminate.

At a meeting of the corporation called on one day's notice the plaintiff was ousted
as secretary. The meeting was illegal since it was not called in the manner
provided by the by-laws.

The agreement in question so far as it relates to the retention of the parties thereto
as officers of the corporation is legal and the plaintiff is entitled to an injunction
restraining the ouster.

MOTION by plaintiff to restrain defendants from removing him
as secretary and director of a corporation.

*I. Irvine Apfel,* for the plaintiff.

*Benn Barber,* for the defendants.

LEVY, J. Plaintiff seeks to enjoin defendants from removing
him as secretary and director of a corporation, etc. The claim
for relief is predicated in part upon an agreement between the
plaintiff and the two individual defendants, whereby the three
formed a close corporation, with the ownership of twenty-five
per cent of the stock in the plaintiff and thirty-seven and one-half
per cent in each of the said defendants. Plaintiff also had an
option for the purchase of additional stock in order to make the
several holdings in the common stock one-third each. The indi-
viduals agreed to devote their entire time and attention to the affairs
of the undertaking, receiving certain fixed salaries, and " so long as
the parties hereto are the stockholders of the corporation they
shall be elected directors and officers thereof at the annual meetings
of the corporation." When any one of the parties ceased to be a
stockholder of record, the agreement was to come to an end.

The corporation was organized in accordance with such agree-
ment and plaintiff functioned as secretary. On November 16,
1927, he was notified of a meeting of the corporation to be held
the next succeeding day. On that day he was informed that he

had been relieved of his duties as secretary. He urges that this action was illegal, both on the ground that the meeting was not called in accordance with the by-laws and on the further ground that it was in violation of the agreement. As to the first objection, there seems to be no doubt but that the by-laws were not fully met. The second grievance involves the general validity of the agreement, and constitutes an integral part of the application to enjoin the defendants from removing him as director. It is undoubtedly the right of stockholders to pool their interests to promote action for their common good by means of a voting trust. No such device, however, has been here adopted, and in its stead a mere stockholders' agreement, obviously to accomplish a similar object. In *Manson* v. *Curtis* (223 N. Y. 313, 320) the Court of Appeals said: " Shareholders have the right to combine their interests and voting powers to secure such control of the corporation and the adoption of and adhesion by it to a specific policy and course of business. Agreements upon a sufficient consideration between them, of such intendment and effect, are valid and binding, if they do not contravene any express charter or statutory provision or contemplate any fraud, oppression or wrong against other stockholders or other illegal object."

In that case, however, it was decided that as the net result was to accomplish the election of dummy or nominal directors, the plan was illegal as the directors could not be divested of their statutory powers to control the affairs of the corporation in accordance with their sound judgment. But here no such plan was contemplated. The directors to be elected were persons active in the affairs and the management of the corporation, the sole parties interested in its net assets. Besides, the plaintiff's right to be elected an officer and director was based upon his continued ownership of the stock. Whatever contentions might be advanced against the other features of the agreement, such as the restraint upon alienation, that dealing with the election of officers would seem to be valid. Nor does the contract appear to be in conflict with the rule in *Matter of Boulevard Theatre & Realty Co.* (195 App. Div. 518; affd., 231 N. Y. 615) which construes the statute requiring the election of directors by a majority in interest of the stockholders. That case merely holds as invalid a requirement of a greater number than a majority to accomplish such election.

The motion so far as it seeks to restrain the ouster of plaintiff from the office of secretary and director, is granted. The other branches are denied at this stage, without prejudice. Settle order.