J. Sidney Bernstein, J.
This is a motion to restrain the defendants pendente lite from arbitrating or attempting to arbitrate the propriety of the action of the board of directors of Industrial Lithographic Co., Inc., in discharging the defendant John Martocci as an officer and employee of said corporation.
The two individual plaintiffs and the said defendant are brothers each owning one third of all the outstanding stock of the corporation. On May 31, 1939 they entered into an agreement in writing which provided, amongst other things, that they would vote their stock and do all other things necessary to insure their selection and retention as directors, officers and employees of the corporation on an equal salary basis during the life of each of them, and that, in the event of a failure to do so, the party in default was to compensate the party aggrieved to the extent therein indicated. This obligation to retain each of the parties was conditioned, however, upon the faithful performance of the services that each was required to render. The agreement further provided that if any dispute arose between the parties as to their rights and obligations thereunder, it was to be referred for determination to the American Arbitration Association, whose decision thereon was to be final and nonappealable.
In accordance with those provisions of the agreement the three brothers were continued in their respective capacities in the corporation until September 23, 1940 when the defendant was removed as an officer and discharged as an employee by a vote of the plaintiffs as majority members of the board of directors. He subsequently also resigned as a director. Declaring *332 Ms removal and discharge to be in violation of the agreement, the defendant demanded that the dispute be arbitrated and, in due course, such arbitration was undertaken and participated in by all parties. By reason of an unsuccessful attempt by the parties to adjust their own differences and of other complications for which they were not responsible the arbitration was never completed, and it was eventually abandoned. A new demand by the defendant for such arbitration having now been interposed, the plaintiffs have instituted this action for a judgment declaring that the cited provisions of the agreement with respect to the retention of the defendant as an officer and employee and the right of arbitration of the dispute resulting therefrom are in contravention of public policy and in derogation of the statutes and null and void, and granting the plaintiffs the incidental relief of an injunction against such arbitration. The application for the temporary restraining order is not only opposed by the defendant upon the merits but upon the technical ground that, having acquiesced and participated in the abortive arbitration proceeding referred to, the plaintiffs have waived the right to attack the validity of the agreement and have estopped themselves from objecting to the arbitration of the dispute arising thereunder.
This latter objection to the application may be disposed of in a few words. If the provision of the agreement for the retention of each of the parties as an officer of the corporation was illegal and in contravention of public policy then the arbitration proceeding in which the plaintiffs participated was without jurisdiction of the subject matter of the controversy and a nullity, and it does not estop them from attacking it. (Matter of Doey v. Howland Co., 182 App. Div. 152, affd. 224 N. Y. 30.) As the court said in the cited case: “A party may, by appearing, waive an objection to the jurisdiction of his person, but he cannot confer authority upon a court or other body, which is denied by law, by a failure to offer the objection seasonably. Where the body acts contrary to law and without power or jurisdiction, the party aggrieved may raise the question at any time when his rights are invaded; he may challenge the jurisdiction ”. (182 App. Div. 152, 159, supra.) That issue of jurisdiction is ever open at the instance and for the benefit of any litigant aggrieved. (Matter of Finsilver, Still & Moss v. Goldberg, Maas & Co., 253 N. Y. 382, 392.)
The court cannot, however, accept the view that the provision in question is illegal and in contravention of public policy. The obligation to retain each of the parties for life was expressly conditioned upon the faithful performance of the duties pre *333 scribed for him. It was to be terminated upon the failure or refusal of such party to render proper service. It consequently did not create a sterilized set of officers or employees and did not withdraw from the directors that control of the corporate business and that freedom of choice and of removal of officers and employees that the statutes preserve to them. (General Corporation Law, § 27; Stock Corporation Law, § 60.)
Moreover, the corporation in this case was little more than a chartered partnership. (Ripin v. United States Woven Label Co., 205 N. Y. 442,447.) The parties to the agreement comprised all the stockholders and directors. They not only constituted the three persons who contributed the entire capital of the corporation but they owned its shares in equal amount. The rights of neither creditors nor other persons are involved. Under such circumstances, it has been held that the stockholders may do as they please with their corporate concerns and may agree to perpetuate themselves as directors, officers and employees. Under such circumstances it has been held that an agreement to do so may be enforced. (Clark v. Bodge, 269 N. Y. 410, 415, 416; Manson v. Curtis, 223 N. Y. 313, 325; Lorillard v. Clyde, 86 N. Y. 384, 389; Hayden v. Beane, 293 Mass. 347, 351; Davis v. Arguls Gas & Oil Sales Co., 167 Misc. 377, 378; Harris v. Magrill, 131 Misc. 380, 381.)
Since the provision under attack is valid and enforcible, it follows that a dispute between the parties with respect to their rights thereunder may be arbitrated in accordance with the supplemental provision providing for arbitration of all disputes.
Motion denied. Order signed. '