■ JUNE DE VECCHI, Plaintiff, v. MARIO DE VECCHI, Respondent, and LEONARD F. GIARRAPUTO et al., Appellants.— In an action to recover certain shares of the capital stock of a corporation, in which defendant in his amended answer set forth six counterclaims, the third and fourth against appellants Giarraputo and the fifth and sixth against all the appellants (appellants were brought into the action as additional parties), the appeal is from an order of the Supreme Court, Nassau County, entered February 26, 1969, which granted appellants' motion to dismiss the counterclaims pleaded against them, upon various grounds under CPLR 3211, to the extent of dismissing the fifth and sixth counterclaims. Order modified, on the law, by adding to the decretal provision therein a clause that the third counterclaim is dismissed also. As so modified, order affirmed, without costs. Respondent's renewed motion to dismiss the appeal denied, without costs. In our opinion, those provisions of the stockholders' agreement requiring mutual and unanimous consent of all parties on fixation of salaries were mere agreements to agree in the future, unenforceable and not binding on appellants (*Benintendi* v. *Kenton Hotel,* 294 N. Y. 112, 120; *St. Regis Paper Co.* v. *Hubbs & Hastings Paper Co.,* 235 N. Y. 30, 36). Christ, P. J., Hopkins and Latham, JJ., concur; Munder and Benjamin, JJ., concur in the denial of respondent's renewed motion to dismiss the appeal, but otherwise dissent and vote to affirm the order, with the following memorandum: In 1965 the individual parties to this action organized a close corporation, La Dolce Vita Travel, Inc., and at that time executed a stockholders' agreement drafted by the brother of one of the impleaded defendants. Paragraph 3 of that agreement provided: " The parties hereby agree to vote for * * * a resolution * * * wherein their respective salaries as officers, directors or employees * * * shall be fixed by the mutual consent of all the parties hereto." Paragraph 12 provided: " It is further agreed * * * that the salaries of the parties shall be determined as soon as the corporation has the ability to pay same. The amount of said salaries shall be determined by the mutual consent of all the parties hereto." And Paragraph 13 provided: " It is agreed that any expansion by the corporation and any increases in salaries shall be with the unanimous consent of the stockholders." Thereafter the parties agreed that defendant, Mario De Vecchi, was to receive a salary of $125 a week. Then in September, 1968, at a joint stockholders' and directors' meeting attended by all the parties, Mario's salary was reduced to $50 a week by a resolution adopted over his objection. Thereafter, when this action was brought against Mario, he counterclaimed against plaintiff and appellants (the impleaded defendants) for the money he lost by reason of the allegedly illegal reduction of his salary to $50 a week (the third counterclaim). In our opinion

that counterclaim is sufficient on its face. When the above-quoted provisions of the stockholders' agreement are read together it is obvious that the parties intended that all their salaries be fixed by mutual agreement, and that once fixed they be not changed except by mutual agreement. The requirement of unanimous agreement for such a particular decision in a close corporation is legal and enforceable (cf. Business Corporation Law, § 620, subd. [a]; *Clark* v. *Dodge,* 269 N. Y. 410; *Benitendi* v. *Kenton Hotel,* 294 N. Y. 112, 118–119; *Slonim* v. *Brodie,* 109 N. Y. S. 2d 440, affd. 281 App. Div. 861; *Martocci* v. *Martocci,* 2 Misc 2d 330, affd. 266 App. Div. 840; 3 White, New York Corporations [13th ed.], pars. 620.01–620.03). Nor is the agreement at bar any more an "agreement to agree" than were material parts of the agreements held enforceable in *Clark* v. *Dodge, Slonim* v. *Brodie* and *Martocci* v. *Martocci* (*supra*). And if we were to assume, *arguendo,* that the agreement to fix the original salaries by unanimous agreement was merely an "agreement to agree", that characterization would clearly have become inapplicable once the parties unanimously agreed to fix Mario's salary at $125; thereafter, the controlling agreement was the firm, unequivocal one not to change that salary except by unanimous consent.