duced them to agree to purchase it. The misrepresentation is practically admitted, but the defendant attempts to escape the consequences of it by claiming that the agent was himself honestly mistaken in exhibiting the wrong property to Mrs. Silverman. But the defendant cannot be permitted to reap a profit from the misrepresentations of his agent, even though such misrepresentations were the result of an honest mistake, and the fact that the court has not found actual fraud does not prevent the plaintiffs from succeeding in the action to have the contract annulled and the deposit refunded. Crowe v. Lewin, 95 N. Y. 423; Goodman v. Laborn, 11 App. Div. 617, 42 N. Y. Supp. 166. A mistake was proven conclusively. What the defendant meant to sell, the plaintiffs did not mean to buy; and what the plaintiffs meant to buy, the defendant could not sell. It is therefore unimportant whether the misrepresentations which induced the execution of the contract were the result of design or accident; for, even if no actual fraud was intended to be perpetrated, there was certainly a mistake as to the property itself, caused by the misrepresentations of defendant's agent, by which the plaintiffs were misled, and for which equity will furnish the appropriate relief. The contract was properly annulled and set aside by the court below, and the plaintiffs permitted to recover the amount which they had paid under such contract.

Therefore the judgment appealed from is right, and must be affirmed, with costs.

McLAUGHLIN and LAUGHLIN, JJ., concur. PATTERSON, J., dissents.

INGRAHAM, J. I dissent. The complaint is based solely upon fraud, alleging false representations, and not a mutual mistake. To justify a recovery, fraud must be proved, and no relief can be given upon a different ground. Cassidy v. Uhlmann, 170 N. Y. 505, 63 N. E. 554.

_____

(109 App. Div. 49.)

KATZ v. H. & H. MFG. CO.

(Supreme Court, Appellate Division, First Department. November 17, 1905.)

CORPORATIONS—DIRECTORS—CHANGE IN NUMBER—VALIDITY OF BY-LAW.

Under General Corporation Law, Laws 1892, p. 1804, c. 687, § 11, providing that corporations may make by-laws not inconsistent with any existing law, and Stock Corporation Law, Laws 1892, p. 1829, c. 688, § 21, declaring that a majority of the stockholders may increase or diminish the number of directors, a by-law forbidding a change in the number of directors except by a vote of 90 per cent. of the stockholders is invalid.

O'Brien, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Maurice J. Katz against the H. & H. Manufacturing Company. From an order continuing a preliminary injunction, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTER-SON, INGRAHAM, and LAUGHLIN, JJ.

William H. Hirsh, for appellant.
Herbert R. Limburger, for respondent.

LAUGHLIN, J. This is an action by a stockholder of a domestic business corporation to enjoin the election of directors of the corporation "until the further order of the court in this action," and adjudging that an attempted amendment of the by-laws of the company, by which a majority, instead of 90 per cent. of the stock may reduce or increase the number of directors, be adjudged null and void, and that the officers and directors of the company be enjoined and restrained from acting under or pursuant to said amendment. The company was incorporated with only four directors. On the 13th day of February, 1902, at a special meeting of the stockholders a resolution was adopted increasing the number of directors from four to five. The provisions of section 21 of the stock corporation law (Laws 1892, p. 1829, c. 688) requiring that a transcript of the minutes of a meeting of the stockholders at which the number of directors is increased or diminished should be filed with the Secretary of State and with the county clerk was not complied with as to the county clerk until after the commencement of this action, although the requirement as to filing a copy with the Secretary of State was complied with at the time; but the action increasing the number of directors from four to five was acquiesced in, and from that time there have been five directors. A special meeting of the stockholders was duly called for the purpose of reducing the number of directors from five to four and was held on the 23d day of May, 1905.

The learned counsel for the appellant contends that the increase in the number of directors from four to five never became effectual, owing to the failure to file a transcript of the minutes of the proceedings with the county clerk, and that consequently the proposed election of four directors sought to be enjoined is perfectly legal, regardless of the validity by the by-law which provides that the number of directors shall not be increased or diminished by vote of less than 90 per cent. of the stock issued and outstanding; and the case of Matter of Dolgeville El. L. & P. Co., 160 N. Y. 500, 55 N. E. 287, is cited as authority for that proposition. The learned counsel for the respondent contends, on the authority of Wallace v. Walsh, 125 N. Y. 26–32, 25 N. E. 1076, 11 L. R. A. 166, that the corporation is estopped, by its action in electing five directors and in attempting to amend the by-laws by reducing the number from five to four, from denying that the number was lawfully increased. It would seem, however, that the action of the stockholders in increasing the number of directors from four to five became effectual before the hearing of the motion; for at that time a transcript of the minutes had been duly filed both in the office of the Secretary of State and with the county clerk. Section 21 of the stock corporation law, so far as material, provides that:

"The number of directors of any stock corporation may be increased or reduced, but not above the maximum nor below the minimum now prescribed by law, when the stockholders owning a majority of the stock of the corporation shall so determine at a meeting to be held at the usual place of meeting of the directors on two weeks' notice in writing to each stockholder of record."

It appears that one of the by-laws of the corporation provides that the board of directors shall consist of five and another by-law provides that "stockholders, by a vote of ninety (90%) per cent. of the stock issued and outstanding, may, at any regular or special meeting, alter or amend" the by-laws. It is contended on the one hand that it is competent for the stockholders even to forbid a change in the number of directors without the unanimous consent of the stockholders, and on the other hand that the statute has prescribed that a majority of the stockholders may alter the number of directors, and that, therefore, any action of the stockholders or directors prescribing differently is inconsistent therewith and void. The authority to make by-laws is conferred by section 11 of the General Corporation Law (Laws 1892, p. 1804, c. 687), and is limited to such by-laws for the management of its property and affairs as are not inconsistent with any existing law. It seems to me clear that this is a matter that is regulated by the statute, which provides in express terms that the holders and owners of a majority of the stock may at a regular or special meeting called for the purpose increase or decrease the number of directors within the limits prescribed by law at a meeting called for such purpose as therein provided. I think it was not competent for the stockholders to prescribe that such increase or decrease could not be made, except by a vote of those representing a larger percentage of the stock than that prescribed by the statute. I am of opinion that a person purchasing stock in such corporation has a right to assume that the directorate may be increased or reduced by a majority vote, and that he is not called upon to examine the by-laws to discover whether some different percentage is therein prescribed. If it be competent for the stockholders to prescribe that the number of directors may only be increased or diminished by a vote representing a percentage of the stock greater than a majority, it must be likewise competent for them to prescribe that this may be done by those representing a percentage of the stock less than a majority. Such action, I think, would be clearly inconsistent with the statute. It would permit the stockholders at a particular time to control the number of directors for all future time by a requirement not prescribed by the statute and inconsistent with the express provisions thereof.

The action of the stockholders in reducing the number of directors from five to four was taken by three resolutions, apparently all put and carried as a single resolution. The first was a simple resolution reducing the number from five to four. The second provided that the action should take effect on the 30th day of June, 1905, and the third amended the by-law by substituting four or five in the provision relating to the number of the directors. The resolutions were adopted by a vote of the holders and owners of a

majority of the stock of the company, but not the holders and owners of 90 per cent. of such stock. I am of opinion that the action taken was valid and that the proposed call issued subsequently for the election of four, instead of five, directors is legal and valid. The facts are not in dispute. The question presented is one of law. It is evident that the merits of the litigation are presented by the appeal. In these circumstances the temporary injunction should not be allowed to stand.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

McLAUGHLIN, PATTERSON, and INGRAHAM, JJ., concur.

O'BRIEN, P. J. (dissenting). I dissent. Section 21 of the stock corporation law (Laws 1892, p. 1829, c. 688) is intended in my view to prevent an amendment of a by-law by less than a majority vote; but it does not prohibit a corporation from fixing or requiring a greater vote in order to amend.