---

PEOPLE ex rel. BROWNE et al. v. KEONIG, Secretary of State.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

1. CORPORATIONS (§ 197*)—PREFERRED STOCKHOLDERS—DEPRIVATION OF VOTING POWER.

Unless expressly forbidden by statute, articles of incorporation may divide the stock into common and preferred, and provide that preferred stockholders shall be deprived of voting power in consideration of preferences over the common, stock.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 764; Dec. Dig. § 197.*]

2. CORPORATIONS (§ 197*)—PREFERRED STOCKHOLDERS—DEPRIVATION OF VOTING POWER—"MEMBER OF CORPORATION."

Consol. Laws, p. 1381, c. 23, § 3, subd. 8, provides that the term "member of a corporation" shall include every person having a right to vote for the election of directors, other than a person having the right to vote only on a proxy. Section 23 provides that, "unless otherwise provided in the certificate of incorporation," every stockholder of record shall be entitled at every meeting to one vote for every share standing in his name on the books. Section 24 provides that the certificate of incorporation may provide that, at all elections of directors, each stockholder shall be entitled to as many votes as will equal the number of his shares multiplied by the number of directors to be elected, and that he may cast all of such votes for a single director, or may distribute them among. the number to be voted for, or any two or more of them, as he may see fit, which right, when exercised, shall be deemed cumulative voting. *Held*, that the phrase "unless otherwise provided in the certificate of incorporation," at the beginning of section 23, does not relate only to cumulative voting permitted by section 24, but permits the certificate of incorporation to provide what voting right classes of stockholders shall possess; and as it is lawful for different classes to agree that one class shall have no right to vote on all or certain questions relating to the management, and such agreement does not contravene public policy, the Legislature did not intend to compel every class to hold the right to vote, or prohibit formation of a corporation depriving preferred stockholders of voting power.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 197.*

For other definitions, see Words and Phrases, vol. 5, pp. 4470–4471; vol. 8, p. 7720.]

Appeal from Special Term, New York County.

Application for mandamus by the People, on relation of Stewart Browne and others, against Samuel S. Keonig, Secretary of State. From an order granting a peremptory writ, defendant appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Edward R. O'Malley, Atty. Gen. (Jacob Frank, Deputy Atty. Gen.), for appellant.

Andrew Gilhooly, for respondents.

HOUGHTON. J. Relators presented to defendant, as Secretary of State, for filing and record, a certificate of incorporation of the National Investing Company, a business corporation organized for the purpose of doing the business of buying and selling and leasing real and personal property, and dealing in securities thereon, and buying and selling stocks and other evidences of indebtedness of any corporation, and issuing in exchange therefor its own stock and bonds. The certificate of incorporation provided that the stock should be divided into one-half preferred and one-half common, the preferred to receive cumulative dividends at the rate of 6 per cent. before any dividends on the common should be paid, and to have certain rights upon dissolution of the corporation over the common stock. It was further provided in the certificate that the preferred stock should have the right to vote only upon certain matters relating to corporate management. They were given no right to vote for directors of the corporation. For this reason the Secretary of State refused to file the certificate, and the relators applied for a peremptory mandamus directing him to do so. From the order directing that such a mandamus issue, the defendant appeals.

The tender of the certificate to the Secretary of State was after February 17, 1909, when chapter 23 of the Consolidated Laws went into effect, and the defendant contends that by that law no class of stock can be deprived of its voting power. Section 3, subd. 8, of that chapter provides that:

"The term 'member of a corporation' shall include every person having a right to vote at a meeting of the corporation for the election of directors, other than a person having a right to vote only upon a proxy."

And section 23 provides that:

"Unless otherwise provided in the certificate of incorporation, every stockholder of record of a stock corporation shall be entitled at every meeting of the corporation to one vote for every share of stock standing in his name on the books of the corporation."

And section 24 provides that:

"The certificate of incorporation of any stock corporation may provide that at all elections of directors of such corporation, each stockholder shall be entitled to as many votes as shall equal the number of his shares of stock multiplied by the number of directors to be elected and that he may cast all of such votes for a single director or may distribute them among the number to be voted for, or any two or more of them as he may see fit, which right when exercised, shall be termed cumulative voting."

The learned Deputy Attorney General contends that the above provisions of the law forbid the excluding of any class of stockholders from voting for directors of the corporation, and hence that a certificate that so provides is not entitled to be filed. His argument is that the phrase "unless otherwise provided in the certificate of incorporation," found at the beginning of section 23, relates only to the cumulative vote permitted by section 24, and that it is not broad

enough to permit the certificate of incorporation to provide that a preferred stockholder shall be limited in his right to vote concerning matters affecting the corporation.

Unless expressly forbidden by statute, the articles of incorporation may divide the stock into common and preferred, and may provide that the preferred stockholders shall be deprived of voting power in consideration of the preferences over the common stock which is given them. Such a provision is but an arrangement between two classes of stockholders, which does not concern the public, and does not violate any rule of the common law or any rule of public policy. State ex rel. Frank et al. v. Swanger, Secretary of State, 190 Mo. 561, 89 S. W. 872, 2 L. R. A. (N. S) 121; 1 Thompson on Corp. (2d Ed.) § 859; 2 Cook on Corp. (6th Ed.) § 622b.

The law of Missouri with respect to the right of a stockholder to vote his stock is similar to our own, except that the Constitution of that state insures such right rather than by an enactment of the Legislature, and in State ex rel. Frank et al. v. Swanger, Secretary of State, supra, the defendant had refused to file a certificate of incorporation because it provided that preferred stockholders should not have the right to vote. The entire question was discussed in an exhaustive and well-considered opinion, and the conclusion was reached that, notwithstanding the guaranty to stockholders of the right to vote contained in the Constitution, it was proper to provide in a certificate of incorporation that preferred stockholders should have no right to vote, because it amounted to a mere agreement to refrain from so doing, and the Secretary of State was directed to receive and file the certificate.

Section 24 of our corporation law, above quoted, prescribes that the certificate of incorporation may provide for cumulative voting. It is only by a strained and narrow construction that the phrase "unless otherwise provided in the certificate of incorporation," contained in section 23, can be held to relate only to cumulative voting. The more natural construction is that it permits the certificate of incorporation to provide what right to vote classes of stockholders shall possess. In view of the fact that it is perfectly lawful for different classes of stockholders to agree amongst themselves, through the certificate of incorporation, that one class shall have no vote upon all or certain questions relating to the management of the corporation, and that such an agreement does not contravene public policy or affect the public, we are of the opinion that the Legislature did not intend to compel every class of stockholders to hold the right to vote, or to prohibit the formation of a corporation which deprived the preferred stockholders of voting power.

It follows that the Secretary of State was not justified in refusing to file the certificate, and that the order directing the issuing of a mandamus compelling him to accept it was proper, and should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.