SEYMOUR H. RIPIN, Plaintiff, v. UNITED STATES WOVEN LABEL COMPANY, Defendant.

(Supreme Court, New York Special Term, April, 1911.)

Corporations — Officers and agents — In general — Change in number of trustees or directors.

A provision in a certificate of incorporation that the number of directors fixed by the certificate shall not be changed except by the unanimous consent of all the stockholders is a valid and binding limitation upon the powers of the stockholders and is authorized by section 10 of the General Corporation Law.

MOTION for an injunction.

Isaac B. Ripin (Edward Lauterbach, of counsel), for plaintiff.

Joseph J. Baker (Benjamin F. Feiner, of counsel), for defendant.

GREENBAUM, J.   If the provision in the certificate of incorporation of the United States Woven Label Company, that the number of its directors therein fixed at four " shall not be changed except by the unanimous consent of all the stockholders of said corporation," is a valid and therefore binding one upon the stockholders, it is unnecessary to consider the other points argued by counsel.

In my opinion the above quoted provision is a limitation upon the powers of the stockholders authorized by section 10 of the General Corporation Law, which reads as follows: " The certificate of incorporation of any corporation may contain any provision for the regulation of the business and the conduct of the affairs of the corporation, and *any limitation* upon its powers or *upon the powers of its* directors and *stockholders* which does not exempt them from the performance of any *obligation* or the performance of any *duty* imposed by law."   It seems clear that any limitation upon the powers of the stockholders which does not result in an exemption in the performance of any obligation or duty imposed by law is lawful.   From what obligation or duty imposed upon stockholders are the latter exempted by the charter provision in question?

The defendants argue that it contravenes section 26 of the Stock Corporation Law, which declares the statutory method for increasing or reducing the number of directors of any stock corporation.   This section is merely permissive.   It imposes no statutory duty upon a stockholder.   It confers a power upon the stockholders, of which ordinarily they may avail themselves, but which section 10 of the General Corporation Law expressly provides may be limited in the certificate of incorporation.   The argument of the learned counsel for the defendants, that the provision is an enlargement and not a limitation of the powers of the stockholders because it increases the power of a minority stockholder over the majority stockholder, is strained and subtle.   The curtailment or limitation of the powers of the stockholders may redound to the advantage of given stockholders and to the detriment of others at a given time, but the power of all the stockholders is limited with respect to the provisions ordinarily accorded

by the statute to increase or reduce the number of directors. The cases relied upon by the defendants are readily distinguishable. In Katz v. H. & H. Mfg. Co., 109 App. Div. 49; affd., 183 N. Y. 578, it was held that a by-law providing that the number of directors may not be increased or diminished by a vote of less than ninety per cent. of the stockholders was inconsistent with the provisions of section 26 of the Stock Corporation Law, since only such by-laws may be adopted under section 11 of the General Corporation Law which are " not inconsistent with any existing law." A provision in a certificate of incorporation for which express sanction is given by section 10 of the General Corporation Law is quite different from the by-law that was held inconsistent with the existing law and which would deprive the stockholders, without their consent, of a right conferred under the statute.

In People ex rel. Barney v. Whalen, 119 App. Div. 749, 750; affd., 189 N. Y. 560, a clause which it was sought to embody in the certificate of incorporation was construed as not a limitation, but an enlargement of the power of the corporation, and was held to be in violation of section 10 of the General Corporation Law, which provides that " No corporation shall possess or exercise any corporate powers not given by law, or not necessary to the exercise of the powers so given," since it was " not one regulating the business or relating to the conduct of the affairs of the corporation, but is rather one for the purpose of ending or closing up its business or affairs."

In Bond v. Atlantic Terra Cotta Co., 137 App. Div. 671, an alleged agreement between the original stockholders of a corporation at the time of its organization that the number of directors shall always be twelve in number was found not proven, and in the course of its opinion the court said that such an agreement cannot be given effect as against subsequent stockholders. The opinion also refers to the fact that there was no provision in the certificate of incorporation restricting or limiting the exercise of the right of the stockholders to apply for an increase or reduction of directors, and at pages 681 and 682 it is stated " if it had been intended

to withhold this power and authority for all time to come or for any time it is probable that an attempt would have been made to incorporate such a provision in the original certificate." While this case is not a direct authority declaring the right of a corporation to limit in a clause of its certificate the powers of the stockholders in the manner herein discussed, it unquestionably may not be regarded as one favoring defendant's contention.

Nor does the clause in question violate any rule of public policy. People ex rel. Browne v. Koenig, 133 App. Div. 756. If the limitation in the charter is legal it follows that the action of the majority of the stockholders taken under the protest of the minority was ineffective and of no binding force, and that the latter are entitled to an injunction *pendente lite* restraining the defendant from holding or causing to be held any election of a fifth director of the defendant United States Woven Label Company.

Settle order on notice.

Ordered accordingly.