SEYMOUR H. RIPIN et al., Respondents, *v.* UNITED STATES WOVEN LABEL COMPANY, Defendant, and ATLANTIC MERCANTILE COMPANY et al., Appellants.

Stock corporations — validity of provision of articles of incorporation of corporation, organized under Business Corporations Law, that number of directors shall not be changed except by unanimous vote of stockholders.

1. A provision in the certificate of incorporation of a corporation organized under the Business Corporations Law (L. 1890, ch. 567, as amd. by L. 1895, ch. 671), that "The number of its directors is to be four (4); said directors shall not be required to be stockholders of said corporation, and said number shall not be changed, except by the unanimous consent of all the stockholders of said corporation," is a valid and binding limitation on the power of the corporation and its members, authorized by section 10 of the General Corporation Law (L. 1895, ch. 672; Cons. Laws, ch. 23), and not in conflict with section 21 of the Stock Corporation Law (L. 1892, ch. 688, now Cons. Laws. ch. 59, § 26).

2. Where the majority of the stockholders of such corporation, notwithstanding the foregoing provisions of its certificate of incorporation, adopted, against the protest of the minority, a resolution increasing the number of the directors of the corporation to five, such action was invalid, as prohibited by the certificate of incorporation, and an injunction, asked by the minority stockholders, was properly granted to restrain such increase in the number of directors.

*Ripin* v. *U. S. Woven Label Co.*, 145 App. Div. 916, affirmed.

(Argued April 29, 1912; decided May 21, 1912.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 9, 1911, which affirmed an order of Special Term granting a motion for an injunction *pendente lite* to restrain the defendants from holding or

causing to be held any election for an additional director of the defendant United States Woven Label Company.

The facts, so far as material, and the questions certified are stated in the opinion.

*Joseph J. Baker* and *Benjamin F. Feiner* for appellants. The provision in the certificate of incorporation prohibiting a change in the number of directors except by the unanimous consent of all stockholders, is illegal and void, because it conflicts with section 26 of the Stock Corporation Law. (*Bond* v. *A. T. C. Co.*, 137 App. Div. 671; *Katz* v. *H. & H. Mfg. Co.*, 109 App. Div. 49; 183 N. Y. 578; Thompson on Corp. §§ 174, 314; *Oregon Ry. Co.* v. *O. Ry. Co.*, 130 U. S. 1; *Shoun* v. *Armstrong*, 59 S. W. Rep. 790; *E. P. R. Co.* v. *Boughan*, 14 N. Y. 546; *First Nat. Bank* v. *Lanier*, 78 U. S. 369; *Bullard* v. *Nat. Eagle Bank*, 85 U. S. 589; *People ex rel. Fairchild* v. *Preston*, 140 N. Y. 549.) The general policy of the state is to give to a majority of the stock the right to increase the number of directors. (*Flynn* v. *B. C. R. R. Co.*, 158 N. Y. 493; 1 Morawetz on Corp. §§ 34, 475, 515, 516; *Gamble* v. *Q. Co. W. Co.*, 123 N. Y. 91; *Goldbluff M. & L. Corp.* v. *Whitlock*, 75 Conn. 669; *Matter of G. I. Co.*, 63 N. J. L. 168.) The provision in the certificate in question is not such a limitation upon the powers of the corporation, its directors and stockholders as is contemplated or authorized by subdivision 2 of section 10 of the General Corporation Law. (*People ex rel. Tiffany* v. *Campbell*, 144 N. Y. 166; *Riley* v. *Penn. Co.*, 32 Penn. St. 579; *People* v. *Ahearn*, 196 N. Y. 221; *Blaschko* v. *Wurster*, 156 N. Y. 437; *McDowell* v. *Sheehan*, 129 N. Y. 200; *People ex rel. Wood* v. *Lacombe*, 99 N. Y. 43; *People ex rel. Jackson* v. *Potter*, 47 N. Y. 375; *People ex rel. McNeile* v. *Glynn*, 128 App. Div. 257.)

*Edward Lauterbach, Henry Siegrist* and *Isaac B. Ripin* for respondents. Paragraph "seventh" of the

certificate of incorporation is a legal and valid limitation of the powers of the stockholders and binding upon all parties. (*Katz* v. *H. & H. Mfg. Co.*, 109 App. Div. 49; 183 N. Y. 578; *Lyman* v. *State Bank*, 81 App. Div. 367; 179 N. Y. 577; *Matter of R. T. Ferry Co.*, 15 App. Div. 530; *People ex rel. Barney* v. *Whalen*, 119 App. Div. 749; *Bond* v. *A. T. C. Co.*, 137 App. Div. 671; *People ex rel. Manice* v. *Powell*, 201 N. Y. 194; *State ex rel. Frank* v. *Swanger*, 190 Mo. 561; *Conde* v. *City of Schenectady*, 164 N. Y. 258; *Elger* v. *Boyle*, 69 Misc. Rep. 273.)

Cullen, Ch. J. The action was brought to restrain an increase in the number of the directors of the United States Woven Label Company. That defendant was incorporated under the Business Corporations Law of this state (Laws 1890, ch. 567; amended Laws 1895, chap. 671), and in the certificate of incorporation filed by the corporators it was provided: "The number of its directors is to be four (4); said directors shall not be required to be stockholders of said corporation; and said number shall not be changed, except by the unanimous consent of all the stockholders of said corporation." Notwithstanding this provision, a majority of the stockholders, at a meeting held on February 25th, 1911, adopted, against the protest of the minority, a resolution increasing the number of directors to five. Thereupon this action was brought by the minority stockholders to restrain an election of the additional director. The validity of the provision quoted from the certificate of incorporation was challenged by the defendants, but upheld by the Special Term, which granted the injunction prayed for. That order has been affirmed by the Appellate Division, which has allowed an appeal to this court, certifying two questions:

"1st. Was there a valid increase in the number of directors of the corporation, notwithstanding the fact

that the resolution did not receive the unanimous consent of all the stockholders, but did receive the affirmative vote of stockholders owning a majority of the stock in the corporation?

" 2nd. Is a provision in a certificate of incorporation of a corporation organized in November, 1902, under the provisions of the Business Corporations Law of the State of New York, valid and authorized which provides that the number of directors of the corporation shall not be changed except by the unanimous consent of all the stockholders of the corporation?"

It is contended that the certificate provision quoted is illegal because it was in conflict with section 21 of the Stock Corporation Law (Laws 1892, ch. 688, now Cons. Laws, ch. 59, § 26), which prescribes that "The number of directors of any stock corporation may be increased or reduced, but not above the maximum nor below the minimum number prescribed by law, when the stockholders owning a majority of the stock of the corporation shall so determine, at a meeting," etc. But it was also provided, by section 10 of the General Corporation Law: "No corporation shall possess or exercise any corporate powers not given by law, or not necessary to the exercise of the powers so given. The certificate of incorporation of any corporation may contain any provision for the regulation of the business and the conduct of the affairs of the corporation, and any limitation upon its powers, or upon the powers of its directors and stockholders, which does not exempt them from the performance of any obligation or the performance of any duty imposed by law." (L. 1895, ch. 672; Cons. Laws, ch. 23.) Therefore, unless the certificate limitation on an increase of directors tended to exempt the corporation or its directors or stockholders from the performance of any obligation or the performance of any duty imposed upon it by law, or was inconsistent with public policy, it was expressly authorized by this statute. That there was no

duty or obligation imposed upon the corporation or its members to increase the number of directors is plain. It is true that this provision is in conflict with the statutory regulation for increase of directors, but unless it was intended by section 10 to allow the corporators at the time of the organization of a corporation to prescribe regulations for the conduct of its affairs and limitations on the power of the corporation and its members different from those prescribed by the statute, the privilege granted to the corporators would be of little or no efficacy. Of course, this privilege must be exercised in one direction. It must limit, not increase, the powers of the corporation or those of its directors or stockholders. On this premise the learned counsel for the appellant makes the ingenious contention that the certificate provision before us is not a limitation of the powers of the stockholders, but an increase, for it increased the power of a minority to resist the will of the majority. But every limitation on the power of the stockholders as a body necessarily increases the powers of a minority to obstruct, for whatever power is granted to the stockholders is granted to a majority or a number greater than a majority. There is no power to compel the majority to take action it does not desire to take. The privilege granted by section 10 of the General Corporation Law was, therefore, necessarily intended to increase the rights of the minority. Nor do we see any force in the claim that the public policy of the state requires that in all cases a majority should be allowed to increase the number of directors. Indeed, it is difficult to see how public policy is concerned in an increase in the number of directors at all. Section 21, now 26, of the Stock Corporation Law provides that the number shall not be decreased below the minimum number prescribed by law. The statute has thus taken care that the body shall not be reduced below that deemed necessary in all cases to represent the corporation. But no limit is prescribed for the maximum

number. When the statute provided for the organization and internal regulation and management of corporations it was necessary to prescribe many details which did not involve public policy or the relations of the corporations with the public. It was necessary simply because there had to be some rules or regulations on the subject. Appreciating this, the lawmakers, while prescribing general rules in default of agreement to the contrary, permitted the incorporators, by agreement made at the inception of the corporation and embodied in the certifi-- cate by which the corporation got life, to regulate these unessential matters in such manner as they might agree. This statutory provision became part of our corporation law in 1895 (Ch. 672). The policy of the state had become very liberal in granting the privilege of incorporation. By the Business Corporations Law three or more persons might form a corporation for any lawful business with certain specified exceptions, such as railroad, moneyed corporations and others of a public or quasi public character. Under this statute many businesses or private enterprises which formerly had been conducted by partnerships or individuals, became the subject of corporate control and ownership. Such corporations were little more (though not quite the same as) than chartered partnerships. There was danger, however, in the very plenitude of the power granted to such corporations, as has been shown by the litigations in the courts on claims of oppressive or dishonest action of the majority towards the minority. Indeed, abuse of power by a majority in many of these private corporations had become a scandal. Such corporations were allowed to increase their capital stock, the number of directors and consolidate with other corporations. Persons might be desirous of transferring their business to or of investing their capital in a corporation advantageous so long as the relations between the parties in interest were harmonious, but in case of dissension subjecting the minority to great chance of oppres-

sion by the majority.    It was to enable parties to incorporate without being subject to these dangers that the statute of 1895 was enacted so that the parties in interest, might, by their original agreement of incorporation, limit their respective rights and powers in respects that did not affect the public.    Of course a limitation which, if found in the certificate of incorporation of a mere trading company, would have no relation to the public or public policy, might, in the case of a quasi public corporation, present a different question.    We have before us, however, merely a trading corporation.

Reliance is made by the appellant on certain decisions of the Supreme Court, some of which have been affirmed by this court.    In *Matter of Rapid Transit Ferry Company* (15 App. Div. 530) it was held that a by-law requiring that a majority of the stock of a corporation should be necessary to elect directors, was in conflict with section 20 of the Stock Corporation Law, which provided that directors should be elected by a plurality of the votes of the stockholders voting at the election, and, therefore, invalid.    In *Katz* v. *H. & H. Manufacturing Company* (109 App. Div. 49; affd., 183 N. Y. 578) it was held that a by-law requiring the vote of 90% of the stockholders to change the number of directors instead of a majority as prescribed by statute was invalid.    These decisions are not in point.    Under the General Corporation Law (§ 11) the power to enact by-laws is limited to such as are "not inconsistent with any existing law." No such limitation is placed on the right granted by section 10 to limit the powers of the corporation, its directors and stockholders.    The distinction between authority to make a by-law and that to incorporate the agreement of the incorporators in the certificate of incorporation is marked.    To uphold a by-law inconsistent with the statutory provision regulating the affairs of a corporation would allow a majority to invade the rights of a minority and to impose limitations on a stockholder to which he never gave

assent, while to uphold the provisions of the certificate is merely to compel a party to live up to his agreement. Thus, a provision in the articles of association that no shareholder owing the association a debt should be permitted to transfer his share or receive a dividend or interest until such debt had been paid, is valid against persons having knowledge of the provision (*Leggett* v. *Bank of Sing Sing,* 24 N. Y. 283; *Gibbs* v. *Long Island Bank,* 83 Hun, 92; affd. on opinion below, 151 N. Y. 657), while a mere by-law to that effect would be invalid. (*Driscoll* v. *West Bradley & Cary Mfg. Co.,* 59 N. Y. 96.) Nor is the case of *People ex rel. Barney* v. *Whalen* (119 App. Div. 749; affd., without opinion, 189 N. Y. 560) in point. In that case it was held that a provision in a certificate of incorporation which it was sought to file, providing that the " directors might, with the consent of the holders of two-thirds of the capital stock, sell the whole of its property to any person or corporation, domestic or foreign," was unauthorized, and that the secretary of state was not required to accept the certificate. The provision was plainly illegal, for its effect was to increase, not to limit, the powers both of the corporation and of the directors.

The order appealed from should be affirmed, with costs. The first question certified answered in the negative, the second in the affirmative.

GRAY, HAIGHT, VANN, WERNER, HISCOCK and COLLIN, JJ., concur.

Order affirmed.