In the Matter of the Election of Directors of the BOULEVARD THEATRE AND REALTY COMPANY.

BOULEVARD THEATRE AND REALTY COMPANY and ALEXANDER H. PINCUS, Appellants; OSCAR L. GRAF, Respondent.

First Department, February 4, 1921.

**Corporations — provision in certificate of incorporation that directors can be elected only by unanimous consent of stockholders is invalid — Stock Corporation Law, § 25, construed and applied.**

A provision in a certificate of incorporation of a stock corporation that the directors can only be elected upon the unanimous consent of all the stockholders is violative of the provision of section 25 of the Stock Corporation Law that " directors of every stock corporation shall be chosen * * * by a plurality of the votes at such election;" the wording of said section justifies an interpretation that it is mandatory.

To permit a certificate of incorporation to contain a provision requiring a unanimous vote of all the stockholders would be a violation of the common-law rule as well. It would also be contrary to public policy since it may work a fraud upon the public who may purchase such shares in ignorance of the provision.

DOWLING, J., dissents.

APPEAL by the Boulevard Theatre and Realty Company and another from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of July, 1920, setting aside an election of directors pursuant to provisions of section 32 of the General Corporation Law.

*Abr. A. Silberberg* of counsel [*Charles Meyers*, attorney], for the appellants.

*Harry Baer*, for the respondent.

GREENBAUM, J.:

On June 4, 1920, a meeting of the stockholders of the Boulevard Theatre and Realty Company was held for the purpose of electing three directors. All of the outstanding stock of

the company amounting to 2,000 shares was represented at the meeting either in person or by proxy.   Morris L. Goldstone and Louis Pincus each received 2,000 votes; Alexander H. Pincus 1,550 and Oscar L. Graf, the respondent, received 450 votes.   It was thereupon announced that Morris L. Goldstone, Louis Pincus and Alexander H. Pincus were elected as directors.   The petitioner, Oscar L. Graf, contends that the election was not in conformity with paragraph " Seventh " of the certificate of incorporation of the Boulevard Theatre and Realty Company and hence invalid.

The certificate of incorporation of the company, which was organized in 1912 under the laws of this State, contains the following provision: " *Seventh.* The number of directors of said corporation shall be three, and the said directors and the number thereof shall not be changed except by the unanimous consent of all the stockholders of said corporation."   The 8th paragraph of the certificate states the names and the post office addresses of the three directors of the said corporation for the first year.

The appellant maintains that the words " said directors " in paragraph " Seventh " of the certificate refers to the directors named in paragraph " Eighth " thereof.   The respondent claims that they refer to directors whenever elected, that is to say, that no directors may be elected except upon the unanimous consent of all the stockholders of the corporation.   Since two of those who were voted for as directors received the unanimous vote of all the stockholders, it is diffcult to understand why the election as to them was set aside.

It is our opinion that the provision in the certificate of incorporation that a director can only be elected upon the unanimous consent of all of the stockholders is violative of section 25 of the Stock Corporation Law, which declares that " directors of every stock corporation shall be chosen at the time and place fixed by the by-laws of the corporation by a plurality of the votes at such election."   (See, also, Laws of 1918, chap. 267, amdg. said § 25.)

The wording of section 25 justifies an interpretation that is mandatory.   It expressly refers to " every stock corporation."   The auxiliary verb " shall " appearing therein is primarily a word of command.   As used in statutes that

word is generally mandatory. Of course, it may be used in a connection which would justify stripping it of its ordinarily imperative character so as " to mean ' may ' when no right or benefit to any one depends on its imperative use." (35 Cyc. 1451, 1452.)

" Where a statute declares a thing *shall* be done, the natural and proper meaning is that a peremptory mandate is enjoined." (2 Bouvier Law Dict. [Rawle's Rev.] 991.)

Words should be given the ordinary popular meaning unless some good reason to the contrary is shown. (1 Kent Comm. [14th ed.] 462; 2 id. 555.)

No reason has been advanced for giving to the direct unqualified language of section 25 a meaning other than that which it would ordinarily import.

This court has held in its recent decision in *Matter of Keogh, Inc.* (192 App. Div. 624) that a provision in a by-law of a stock corporation that the number of stockholders necessary at annual meetings to constitute a quorum for the election of directors " shall consist of the majority of the stock represented in person or by proxy," was invalid, being in conflict with section 25 (*supra*).

The same ruling was made in *Matter of Rapid Transit Ferry Co.* (15 App. Div. 530). The effect of both of these decisions is that section 25 (*supra*) is mandatory.

In *Reiss* v. *Levy* (175 App. Div. 938) the court held that " the defendants could not make a valid agreement that the directors should be elected by a vote other than prescribed by the Stock Corporation Law (Laws of 1909, chap. 61, § 25, constituting chapter 59 of the Consolidated Laws), which prescribes a plurality of the votes at such election to be sufficient."

It is true that the foregoing cases had reference to by-laws and not to provisions embodied in a certificate of incorporation. But the reasoning of those cases is likewise applicable to a certificate of incorporation.

In Cook on Corporations (Vol. 2 [7th ed.], p. 1843) it is said: "A provision in a certificate of incorporation that directors named therein shall continue until they become incapacitated, resign or die, is void and does not prevent an election."

Respondent relies upon *Ripin* v. *U. S. Woven Label Co.*

(205 N. Y. 442). In that case the action was brought to restrain an attempt to increase the number of the directors of the United States Woven Label Company in violation of a provision in its certificate of incorporation that its number of directors shall be four and that " said number shall not be changed, except by the unanimous consent of all the stockholders of said corporation." The action related to the " number of directors " and not to an election of directors. It involved the construction of section 26 of the Stock Corporation Law (as amd. by Laws of 1909, chap. 421) and not of section 25.

The Court of Appeals held that the provision just quoted was not in conflict with section 26 of the Stock Corporation Law which prescribed that " the number of directors of any stock corporation *may* be increased or reduced * * * when the stockholders owning a majority of the stock of the corporation shall so determine," etc., inasmuch as section 10 of the General Corporation Law provided that " the certificate of incorporation of any corporation may contain any provision for the regulation of the business and the conduct of the affairs of the corporation, and any limitation upon its powers, or upon the powers of its directors and stockholders, which does not exempt them from the performance of any obligation or the performance of any duty imposed by law." The court held that the unanimity clause as to changing the number of directors in the certificate of incorporation was valid, since it constituted a limitation of the powers of the corporation and of the stockholders. It must be borne in mind that in that case the court was construing section 26, a permissive statute, which states that the " number of directors * * * *may* be increased," etc. In the instant case we are dealing with a section couched in imperative language. It says, " Directors of every stock corporation *shall* be chosen * * * by a plurality of the votes at such election."

In *People ex rel. Browne* v. *Koenig* (133 App. Div. 756) this court, in holding that a certificate of incorporation may contain a provision denying the rights to preferred stockholders to vote for directors, stated (at p. 758): " Unless expressly forbidden by statute, the articles of incorporation may divide the stock into common and preferred, and may provide that the

preferred stockholders shall be deprived of voting power in consideration of the preference over the common stock which is given them.   Such a provision is but an arrangement between two classes of stockholders which does not concern the public and does not violate any rule of the common law or any rule of public policy." But section 25 is an enactment of the common-law rule.

To quote from *Matter of Rapid Transit Ferry Co.* (*supra,* 532): "At common law ' such of the shareholders as actually assemble at a properly convened meeting constitute a quorum for the transaction of business, and a majority of that quorum have authority to represent the corporation.'"   (Citing Morawetz Corp. § 476; 2 Kent Comm. *293; *Field* v. *Field*, 9 Wend. 394.)

To permit a certificate to contain a provision requiring a unanimous vote of all the stockholders to change a director would thus be a violation of the common-law rule, reinforced as it is by statute.   It would also be contrary to public policy since it may work a fraud upon the public who may purchase such shares in ignorance of the certificate provisions in question.

Indeed, in the instant case, it appears that from an original capitalization of $20,000 the capital stock was increased to $200,000 and that many of the holders of the increased stock submitted affidavits that they were not aware until this controversy arose that there was any provision in the certificate of incorporation requiring a unanimous vote to elect directors.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN and PAGE, JJ., concur; DOWLING, J., dissents upon the authority of *Ripin* v. *U. S. Woven Label Co.* (205 N. Y. 442).

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.