Louis B. Heller, J.
Motion for an order striking the answer of the defendant the Chase Manhattan Bank (hereinafter known as Chase) and granting summary judgment to plaintiff against the said defendant and to further provide pursuant to section 3-804 of the Uniform Commercial Code for the waiver of any security to be furnished by plaintiff to the said defendant bank. This is an action to recover $20,000 represented by two lost certified unindorsed and unpresented checks. The undis *716 puted facts are as follows: On July 19, 1967 Francis I. du Pont & Co. (hereinafter known as du Pont) executed and delivered two checks each in the sum of $10,000 to Abraham Pruzan (hereinafter known as Pruzan) as payee, each indorsed on the face. On August 14, 1967 Chase, at the request of Pruzan, certified both checks. On February 16, 1968 Pruzan was held up at gunpoint and the certified indorsed checks were taken from his person by the thief who has as yet been unapprehended. The armed robbery was reported to the police and both defendants. A report of loss on a form furnished by Chase was filed with Chase on February 19, 1968. The checks have never been presented for payment and Chase continues to hold the $20,000 set aside for same by reason of the certification. On January 1, 1970 Pruzan assigned all his right, title and interest in and to the checks to the plaintiff corporation. No interest has been paid on the certified funds since the checks were issued.
Plaintiff has consented to a discontinuance of the action as against du Pont.
Defendant Chase agreed to make payment on the stolen certified checks upon condition that it be furnished with and secured by a surety company indemnity bond in the sum of $40,000. Pruzan and his assignee, the plaintiff, to avoid substantial premium expense involved in the demanded indemnity bond offered in lieu thereof to secure the bank against any possible loss resulting from the payment by the bank of the funds held by it for the subject checks by either depositing said sum together with an additional sum of $2,500 in an interest bearing savings account to be opened and maintained with defendant Chase under joint control with said bank which could hold the savings passbook or in the alternative, that plaintiff would purchase from the defendant bank a certificate of deposit in the sum of $22,500 using the $20,000 represented by the certified checks toward such purchase, and would deposit with the defendant bank such certificate. Thus, the defendant bank would be secure with either the savings account passbook or the certificate of deposit in the event that the said stolen certified checks were presented and legally paid by it, and would have an additional $2,500 for any attendant expenses that may accrue as a result of such presentation and nonpayment. It was further stated by plaintiff that the accrued interest on the savings account or certificate was to be paid to it by the bank while the bank retained such security.
Defendant Chase refused to accept the aforesaid offer of plaintiff and plaintiff’s assignor, insisting on the furnishing of the surety company indemnity bond for $40,000.
*717 The attorney for defendant Chase in an affidavit submitted in opposition to plaintiff’s motion concedes that Chase admits liability on the two checks which were certified by it but never presented for payment; that Chase is merely asking that section 3-804 be complied with by Chase being furnished a bond as therein provided. ‘ ‘ That there is only one issue here, that issue is whether or not the petitioner must furnish security in accordance with 3-804 or not. That is the sole issue to be decided in this case ’ ’. It is requested that the present motion be denied or in the alternative that if this court sees fit to grant summary judgment, it do so based upon Chase’s admission of liability on the subject checks and to condition payment upon the furnishing of such security as provided in the statute.
The concessions and admissions of liability by Chase mandate the granting of summary judgment in favor of the plaintiff in the amount sued for. The only question remaining for determination, as defendant states the issue, is whether petitioner must furnish security in conformity with the statute. Section 3-804 entitled, Lost, Destroyed or Stolen Instruments, provides that the court shall require security in an amount fixed by the court not less than twice the amount allegedly unpaid on the instrument indemnifying the defendant, etc. against loss, including costs and expenses by reason of future claims on the instrument.
Chase, despite its admission of liability on the checks, advocates a mandatory interpretation of the wording of the section which if followed would make strict compliance with the statute compulsory in all cases. Chase would deprive the court of any discretion in the matter. This does not appear to have been the intention or purpose of the Legislature as reference to the Commentary and Official Comment set forth under Uniform Commercial Code section 3-804 in McKinney’s Consolidated Laws would indicate. In said Official Comment it is pointed out that the court is authorized to require security indemnifying the obligor against loss but ‘ ‘ there may be cases in which so much time has elapsed or there is so little possible doubt as to the destruction of the instrument and its ownership that there is no good reason to require security ”.
Chase intimates that the word ‘ ‘ shall ’ ’ in the section means “ must ”. The auxiliary verb “ shall ” has been discussed by the courts on many occasions. In Matter of Boulevard Theatre & Realty Co. (195 App. Div. 518, 519-520, affd. 231 N. Y. 615) the court stated: “ As used in the statutes that word is generally mandatory. Of course, it may be used in a connection which would justify stripping it of its ordinary imperative character *718 so as ‘ to mean ‘ ‘ may ’ ’ when no right or benefit to any one depends on its imperative use.’ ” In Escoe v. Zerbst (295 U. S. 490, 493) Mr. Justice Caedqzo declared: “ The defendant 1 shall ’ be dealt with in a stated way; it is the language of command, a test significant, though not controlling. * * * Doubt, however, is dispelled when we pass from the words alone to a view of the ends and aims ”.
The end and aim of the action under consideration is to require security indemnifying the obligor against loss. In this case plaintiff is not seeking to recover without furnishing security. Plaintiff has agreed to furnish security. Either of the proposals submitted by the plaintiff is ample and sufficient to protect the defendant against any loss they might incur, which in this case is a very remote possibility. It is almost a certainty that because of the issuance and certification dates of the instrument that no one will ever present these checks for payment and that if presented that they would ever be honored. Defendant’s arbitrary rejection of plaintiff’s offer of security appears on the facts to be unwarranted.
Plaintiff’s motion for summary judgment is accordingly granted on condition that plaintiff furnish defendant with one or the other of the proffered forms of security. If, however, defendant should refuse to accept either form of security then and in that event the security provision of the statute is waived and judgment is directed to be entered without any such provision.