OPINION OF THE COURT
Martin Rodell, J.
The petitioner moves by order to show cause to require the respondent Manufacturers Hanover Trust Company to pay the sum of $37,000 or in the alternative to require the respondent Al Newman to issue a new negotiable instrument to her in the same amount.
The facts are uncontroverted. The petitioner posted the sum of $37,000 as security for a bond in behalf of a defendant in a *803 criminal proceeding. Said security was posted with the respondent Newman, a licensed bail bondsman.
The afore-mentioned criminal action was concluded on July 20, 1977. Subsequently, the petitioner made demand upon the respondent Newman for the sum of $37,000, which she had heretofore posted with him. On August 4, 1977 the respondent Newman dutifully delivered to the petitioner two certified checks, in the amounts of $12,000 and $25,000, drawn on the respondent Manufacturers Hanover Trust Company. Shortly thereafter, the petitioner lost, misplaced, or was criminally relieved of the said certified checks and has to this date been unable to locate them.
The petitioner notified the respondent Newman, who, in turn, requested that the respondent Manufacturers Hanover Trust Company stop payment. To this date, the checks have not been presented to Manufacturers Hanover Trust Company for payment.
The petitioner also contacted an unnamed officer of the respondent Manufacturers Hanover Trust Company, who informed her that the bank would not honor any replacement checks issued by the respondent Newman unless an indemnity bond was posted in twice the amount of the original checks. The petitioner avers that this is an onerous and unjust burden; justifiably so, as it would require the posting of $74,000 as security.
A check is a negotiable instrument if it is a draft drawn on a bank and payable on demand. (Uniform Commercial Code, § 3-104, subd [2], par [b].) When a bank certifies a check, it accepts that check and has the obligation to pay the amount for which it is drawn. (Wallach Sons v Bankers Trust Co., 62 Misc 2d 19.) The bank in certifying a check obligates itself to an innocent holder in due course to pay the amount for which the check is drawn. Thus, the respondent Manufacturers Hanover Trust Company, through its act of certification, assumed liability on the instruments.
"The owner of an instrument which is lost, whether by destruction, theft or otherwise, may maintain an action in his own name and recover from any party liable thereon upon due proof of his ownership, the facts which prevent his production of the instrument and its terms. The court shall require security, in an amount fixed by the court not less than twice the amount allegedly unpaid on the instrument, indemnifying the defendant, his heirs, personal representatives, *804 successors and assigns against loss, including costs and expenses, by reason of further claims on the instrument, but this provision does not apply where an action is prosecuted or defended by the state or by a public officer in its behalf.” (Uniform Commercial Code, § 3-804, L 1962, ch 553, amd by L 1963, ch 1003, § 9, eff Sept. 27, 1964.)
While it is clear that the petitioner has the right to recover the amount of the checks upon sufficient proof that in fact the checks did at one time exist, were payable to her and cannot be produced, the issue to be decided is presented to this court as follows:
May the court order payment on a lost negotiable instrument without requiring the payee to post security as required in section 3-804 of the Uniform Commercial Code? In 487 Clinton Ave. Corp. v Chase Manhattan Bank (63 Misc 2d 715), the payee of a certified check was robbed of same at gun point and offered to pay the proceeds into an account controlled by the certifying bank. The court held that it had discretion to fix the security and that the security offered by the plaintiff was adequate.
The court notes that no appeal has been taken from the above decision, and thus no appellate court guidance is available. However, the Supreme Court in New York County in Guizani v Manufacturers Hanover Trust Co. (NYLJ, Oct. 12, 1971, p 2, col 5), held that under New York’s version of this section (Uniform Commercial Code, § 3-804), the furnishing of the security is mandatory and not discretionary.
The section, as drawn by the drafters of the Uniform Commercial Code, and found in the Official Text and Official Commentaries, made the requirement for security discretionary with the court by the use of the word "may”. The Official Commentaries to the Uniform Commercial Code state as follows: "There may be cases in which so much time has elapsed, or there is so little possible doubt as to the destruction of the instrument and its ownership that there is no good reason to require the security.”
The court, in 487 Clinton Ave. v Chase Manhattan Bank (supra), predicated its decision on the above reasoning. However, the New York version of section 3-804 of the Uniform Commercial Code pointedly changed the word "may” to "shall”, and the Legislature in 1964 further amended this section to fix the amount of security to be not less than twice the amount allegedly unpaid on the instrument. (L 1963, ch *805 1003, § 9, eff Sept. 27, 1964.) Thus, our Legislature appears to have considered the matter and amended the statute to make the furnishing of security not only mandatory but has also set the minimal amount at not less than twice the amount allegedly unpaid on the instrument.
This language was added to our statute to make the furnishing of security mandatory rather than discretionary. (Commission on Uniform State Laws, Supplementary Report on State Laws, April 10, 1964.)
The New York Commission Commentaries on section 3-804 of the Uniform Commercial Code leave little doubt that the express purpose of the Legislature was to make the furnishing of security mandatory rather than discretionary and thus conform to section 333 of the old Civil Practice Act.
The undertaking provided for under section 333 of the Civil Practice Act, covering proof of loss of negotiable instruments, was mandatory, and the court had no discretion with regard to the dispensing of the undertaking. (Matter of Rubin, 237 NYS2d 563.)
Professor Norman Penney, writing in volume 62 of the Columbia Law Review (p 1001), points out that the final variation made in article 3 was the substitution of the word "shall” for "may” in the second sentence of section 3-804 of the Uniform Commercial Code. This change rendered the furnishing of security compulsory rather than permissive.
If the court is to have the authority to determine the amount of security to be furnished, it would seem on the basis of the legislative history of this section that the change must come from the Legislature.
The court notes additionally that this section, as enacted by our Legislature, while being most positive in regard to the requirement of security and the amount thereof, fails to set any limit whatsoever as to the amount of time the security shall remain posted. The problem of the longevity of a certified check no doubt rendered the Legislature unable to fix a time limit. There being no legislative scheme to either limit the life of a certified check or the duration of time for which a bond must be posted, an unfortunate gap exists into which the petitioner’s prayer must fall. It is the opinion of this court that further revision of this section of the Uniform Commercial Code is mandated, or in the alternative, legislation dealing with the valid life of certified checks must be enacted. Simple justice cries out for remedial legislation at the next *806 session of the Legislature. The petitioner is being deprived of her life savings; the bank receives no benefit from the funds which are necessarily frozen. Under the present posture of the law, the funds will remain in that condition until the end of time or it escheats to the State, whichever comes first.
In light of the above, the court is constrained to reject the petitioner’s application for recovery without posting of security as required by section 3-804 of the Uniform Commercial Code.
The application of the respondent Newman for a change of venue, not being properly brought on motion or cross motion, is denied.